SOTERO DRAKOPULOS, Appellant, v. WILLIAM B. BIDDLE et al., Receivers of St. Louis & San Francisco Railroad Company, et al.

Division Two, June 23, 1921.

1. **AMENDED PETITION: Departure: Personal Injuries: Substitution of Widow for Administrator.** An action for damages for the negligent killing of plaintiff's husband had been brought by his administrator, founded on a statute of Kansas which provided that the action might be brought by the personal representative for the exclusive benefit of the widow and children. Thereafter the widow applied for leave to be substituted as party plaintiff and to adopt the pleadings in said cause, and leave was granted, and she filed an amended petition, which was substantially in the same words as the administrator's petition, with the further allegation that under another statute the action could be brought by the widow where no personal representative had been appointed. *Held*, that the amended petition is not a departure from the cause of action stated in the administrator's petition, either on the ground (a) that a new plaintiff is substituted who is a stranger to the original cause, or (b) because the amended petition is based upon a different statute, or (c) because different proof will be required, or (d) because a judgment upon one petition would not be a bar to the cause of action stated in the other.

2. ———: ———: **Stranger to Action.** Where the administrator's petition, in an action for damages for the negligent killing of a certain man, alleged that a certain woman is his widow and named their children, and prayed judgment for and in their behalf, the widow, when substituted as plaintiff in an amended petition, is not a stranger to the original cause of action. the statute providing that, where no personal representative has been appointed, the action may be brought by the widow for herself and the children.

3. ———: ———: **Different Proof.** If the amended petition does not substantially change the claim or defense, it is not a departure. To constitute a departure the amended petition must require substantially different proof. Where the cause of action is damages for the wrongful act of defendant, which by statute inure to the exclusive benefit of the widow and children of the party whose

death defendant's wrongful act caused, a substitution of the widow as plaintiff in an amended petition for the administrator named as plaintiff in the original petition, the statute authorizing such substitution where no personal representative has been appointed, does not require substantially different proof, although it will be necessary to prove under the amended petition that no administrator had been appointed.

4. ———: ———: Judicial Discretion. Permitting amendments to the pleadings is largely within the discretion of the trial court; but where it is apparent that the only ground for striking out the amended petition was that it was a supposed departure, and that is not a fact, but if the ruling is sustained the effect would be to deny relief to plaintiff, it will be held that the court did not wisely or soundly exercise its power.

Appeal from Jackson Circuit Court.—*Hon. Daniel E. Bird,* Judge.

REVERSED AND REMANDED (*with directions*).

*C. W. Prince, E. A. Harris,* and *Jas. N. Berry* for appellant.

(1) Substituting the widow, who had the legal right to sue for the claim for which the action was brought, instead of a personal representative improperly named as plaintiff, was not a departure or commencement of a new action. There is a vast difference between substituting a competent for an incompetent plaintiff, and bringing in a new defendant. Vaughan v. Ry. Co., 177 Mo. App. 155; Dugan v. Ry. Co., 178 Mo. App. 165; Lilly v. Tobbein, 103 Mo. 477; Mott v. Long, 90 Kan. 110; Upson v. Railway, 211 Mass. 446; Harkness v. Julian, 53 Mo. 238; Webber v. City, 83 Mo. 262; Winkelmaier v. Weaver, 28 Mo. 356; Meyer v. Ry., 152 Iowa, 330; Ry. Co. v. Wulf, 226 U. S. 570. (2) Amendments are allowed expressly to save the case from the Statute of Limitations, and courts have been liberal in allowing them when the cause of action is not totally different. Lottman v. Barnett, 62 Mo. 159; Courtney v. Blackwell,

150 Mo. 245. (3) Plaintiff in the fifth amended petition is not a stranger to the original petition and subsequent amended petitions, as she was named in all of the prior petitions filed, as a party for whose benefit the administrator was suing, as well as for the benefit of the children of the deceased. Weber v. City of Hannibal, 83 Mo. 263; Keystone Coal Co. v. Fekete, 232 Fed. 74. (4) The defendants by obtaining leave of court for time in which to plead to the fifth amended petition, and in filing their joint motion to strike, which was an attack upon the pleadings, and also asking judgment for costs, was a general appearance, and even had the fifth amended petition been a departure, defendants' general appearance constituted a waiver of such so called departure. Walker v. Wabash, 193 Mo. 403; State v. Grimm, 239 Mo. 135. (5) Secs. 6014 and 6015, R. S. Kans. 1909, Chap. 95, are necessarily construed together, and the fact that Sec. 6015 was not mentioned in the original petition and subsequent amended petitions filed in said cause, does not constitute a departure by setting forth Sec. 6015 together with section 6014, in the fifth amended petition. (6) There was no departure in the fifth amended petition from the original and subsequent amended petitions, because the *quantum* of evidence and the measure of damage was the same. Haines v. Pearson, 107 Mo. App. 485; Ry. Co., v. Wulf, 226 U. S. 570. (7) The widow of deceased is the proper party to bring suit for the death of her husband, based upon Sections 6014 and 6015. Darotti v. Ry. Co., 262 Mo. 1; Marquez v. Koch, 176 Mo. App. 143; Vawter v. Ry. Co., 84 Mo. 679.

*W. F. Evans, Guthrie, Conrad & Durhum* and *Hale Houts* for respondent.

(1) The cause of action set up by the widow in the fifth amended petition was authorized only by Sec. 6015, G. S. Kan. 1909, and was an entirely different cause of action from that stated by the administrator in the fourth

amended petition under Section 6014, which authorized the suit only by the administrator. The subject-matter was different, different evidence was required to support the respective actions, recovery in one under one petition would not be a bar from recovery under the other. The new petition substituted a new plaintiff who was a stranger to the cause of action stated in the former petition. There was a change from law to law. Respondents' motion to strike as a departure was properly sustained. Garber v. Mo. Pac., 210 S. W. 389; St. Charles Savings Bank v. Thompson, 223 S. W. 737; Broyles v. Eversmeyer, 262 Mo. 389; McHugh v. Transit Co., 190 Mo. 85; Ross v. Mineral Land Co., 162 Mo. 317; Heman v. Glann, 129 Mo. 325; Parker v. Rodes, 79 Mo. 88; Bick v. Vaughan, 140 Mo. App. 602; Jones v. Whitney, 136 Mo. App. 683. (2) While the courts may allow amendments in order to save a case from the Statute of Limitations, courts will not permit a new and different cause of action to be substituted for the purpose of tolling the statute or for any other purpose. St. Charles Savings Bank v. Thompson, 223 S. W. 737. (3) The appellant was a stranger to the cause of action stated in the fourth amended petition. On the face of the fourth amended petition, the only cause of action was in Strother, the administrator. It did not constitute a defective statement of a cause of action in favor of appellant, but was a complete cause of action to which the appellant has no right as a party, although she may have had a beneficial interest in the result. Garber v. Mo. Pac., 210 S. W. 389. (4) There was no waiver of the departure. Defendants followed the procedure prescribed by this court in Walker v. Wabash, 190 Mo. 453, cited by appellant. Entry of appearance by defendants was not involved for they were already in court. They did not answer over but filed the motion which was the only pleading by which the question could have been raised. (5) There was clearly a change from law to law. While it was necessary for appellant to plead Section 6014 authorizing an

action for wrongful death, it was also necessary for her in order to recover to plead and prove a new and additional section, to-wit, Section 6015, and the effect of bringing herself within Section 6015 was to nullify and destroy that part of Section 6014 authorizing the administrator to bring suit. (6) The evidence required under the fifth amended petition was entirely different to that required under the fourth. To maintain the former action it was necessary to prove that plaintiff, Sam B. Strother, was the duly appointed administrator of Gust Drakopulos and authorized by Section 6014 to sue for the death of deceased. Under the fifth amended petition, it was necessary to prove that there was no administrator duly authorized to bring an action under Section 6014, to prove the existence of Section 6015 authorizing a suit by the widow and that the plaintiff was the widow. (7) While the widow was the proper party to sue for the death upon properly pleading and proving Section 6015 and proving the facts required by said section, she was not a proper party to bring the action if the allegations of the fourth amended petition were true. Sec. 1163, R. S. 1919; Schureren v. Ry. Co., 192 S. W. 965.

DAVID E. BLAIR, J.—The action is for damages for the wrongful death of Gust Drakopulos, the husband of plaintiff. The original petition was filed August 7, 1915. The fourth amended petition, filed December 3, 1918, ran in the name of Samuel B. Strother, Administrator of the Estate of Gust Drakopulos, deceased. It alleges that plaintiff therein was the "duly appointed administrator," etc. Certain allegations relating to the appointment of receivers for the St. Louis & San Francisco Railroad Company, foreclosure sale of its property and purchase thereof by defendant, St. Louis & San Francisco Railway Company, are made. Said petition then averred the facts relative to the death of Gust Drakopulos in the State of Kansas on April 26, 1915, and that the same was caused by the negligence of defend-

ants; that deceased left surviving him a widow, Sotero Drakopulos, and three minor children therein named, all dependent upon him; that plaintiff has been given a right of action for said death by the laws of Kansas, and sets out Section 6014 of Chapter 95, Article 18, of the General Statutes of Kansas for 1909, as follows:

*"Action for death by wrongful act; limitations; damages.* When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for injury for the same act or omission. This action must be commenced within two years. The damages cannot exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

The prayer of said fourth amended petition is as follows:

"Wherefore, plaintiff, for and in behalf of said widow and children, asks judgment against defendants for the sum of ten thousand dollars together with his costs herein incurred and expended."

On February 12, 1919, the widow, Sotero Drakopulos, present plaintiff, applied for leave to be substituted as party plaintiff and to adopt the pleadings and proceedings in said cause. On March 4, 1919, and over the objection and exception of defendants, she was permitted to be substituted as plaintiff, and on that date filed a fifth amended petition, in which she alleged that on and prior to April 26, 1915, she was the wife of Gust Drakopulos, and sets out the names of her three children and that she and said children were residents of the Kingdom of Greece and were dependent upon said Gust Drakopulos.

The fifth amended petition in other particulars is substantially in the same words as the fourth amended

petition, except that it sets out in full Section 6015 of the General Statutes of Kansas for 1909, Chapter 95, Article 18, as follows:

"Section 6015. *When action may be brought by widow or next of kin.* That in all cases where the residence of the party whose death has been or hereafter shall be caused as set forth in the next preceding section is or has been at the time of his death in any other state or territory, or when, being a resident of this State, no personal representative is or has been appointed, the action provided in said section may be brought by the widow, or where there is no widow, by the next of kin of such deceased."

There is also a slight difference in the two petitions caused by the use of appropriate words to make the fifth amended petition applicable to plaintiff as widow of deceased, instead of applicable to the plaintiff named in the fourth amended petition as administrator of deceased. The prayer of the fifth amended petition is as follows:

"Wherefore, plaintiff, for and in behalf of herself and said minor children, asks judgment against defendants in the sum of ten thousand dollars, together with her costs herein incurred and expended."

On March 17, 1919, defendants filed their motion to strike out plaintiff's fifth amended petition and said motion was sustained by the trial court, to which action plaintiff duly excepted and judgment of dismissal with costs was entered against plaintiff. The appeal is from the order of the trial court striking out such fifth amended petition and dismissing the cause. The propriety of such action is the sole question before us.

As appears from defendants' motion to strike out the fifth amended petition, the theory of defendants is that such amended petition is a departure from the cause of action stated in the fourth amended and prior petitions; because a new plaintiff is substituted who is a stranger to the original cause of action and to the plain-

tiff therein, and because the fifth amended petition is based upon a statute different from the one which is the basis of the claim of the fourth amended petition, and because entirely different proof will be required in the two petitions, and because a judgment upon one petition would be no bar to the cause of action stated in the other.

We do not think there is any merit in the contention that plaintiff is a stranger to the original cause of action. It is expressly alleged in the fourth amended petition that Sotero Drakopulos is the widow of deceased and the names of the minor children are set out therein, and that such administrator prays judgment for and in behalf of said widow and children.

Nor is it true that the fifth amended petition is based on a statute different from the one pleaded in the fourth amended petition. Both petitions plead Section 6014 and both are based thereon. The fifth amended petition pleads Section 6015 in addition. Section 6015 merely provides when the widow may maintain the action provided for in Section 6014. Section 6015 adds nothing to the liability of defendants in any way.

The only difference in the proof required is that in the fourth amended petition such proof should show deceased was a resident of Kansas and the appointment of a competent administrator; while in the fifth amended petition the proof should show either that deceased was not a resident of Kansas, or, if a resident, that no personal representative is or has been appointed. Additional proof of Section 6015 as a law of Kansas is required in the fifth amended petition. Proof of the existence of the widow and children is necessary in both petitions. The subject of the action, the cause of action, the grounds of negligence and the measure of damages are the same in both petitions. The damages sought to be recovered are for the benefit of the widow and children in both petitions and the proceeds recovered on a judgment under either petition are required by the law of Kansas to be distributed in the same manner.

Nor are we able to agree that a recovery on the fifth amended petition would not be a complete bar to the action by the administrator or *vice versa*. If the fourth amended petition properly alleges the appointment of a competent administrator and the proof showed that fact and the administrator obtained a judgment thereon, such judgment would bar recovery upon the fifth amended petition, since a recovery by the administrator suing merely in a representative capacity would be for the benefit of the widow and children. Under Section 6014 the administrator acts as a trustee for the widow and children, and not for the estate of the deceased. The damages recovered could not be subjected to the debts of the deceased. A recovery by him for them would bar their subsequent suit. A recovery by them in the name of the widow would bar a suit by the administrator for their benefit. [23 Cyc. 1245; Landis v. Hamilton, 77 Mo. 554; Davidson v. Real Estate & Inv. Co., 249 Mo. l. c. 502; Cooley v. Warren, 53 Mo. l. c. 169.]

It is true the amended petition requires somewhat different proof from the fourth amended petition, but not substantially different proof. If the test of departure be that the proof required is different in any respect, then every amendment would be a departure. We think Section 1274, Revised Statutes 1919, is sufficiently broad to cover the amendment here in question. It provides for an amendment by adding or striking out the name of a party and even provides for amendment after the proof has been made in order to conform the pleadings to the proof where such amendment does not substantially change the claim or defense. This is the consideration which should guide the courts. If the amendment does not substantially change the claim or defense, there is no departure.

The subject of the action here is the right of Gust Drakopulos to immunity from injury by the negligent acts of defendants. The cause of action is the alleged violation of that right by defendants. The object of the

action is the recovery of damages for such violation to inure to the exclusive benefit of the widow and children. These are the substantial elements of the claim. Whether the action is brought by the administrator or the widow is a mere detail of procedure. The only concern of defendants as to parties plaintiff is that whoever prosecutes the action shall be competent to maintain it in such a way as to bar any other action for the same injury. Defendants' rights in this regard are amply safeguarded and the amendment did not injuriously affect the substantial rights of the defendants.

Support for these views is found in Vaughan v. Railroad, 177 Mo. App. 155, in which case the Kansas City Court of Appeals held that it was error to enter judgment after verdict in favor of the admintratrix, who was added as plaintiff after verdict, without the fact of her appointment as administratrix having been submitted as an issue for trial by the jury. On page 171 the court held that the trial court properly permitted the substitution, but should then have sustained a motion for a new trial instead of permitting the administratrix to adopt the judgment and previous proceedings and remanded the cause for new trial with the administratrix as a party plaintiff. The action in that case was under the Federal Employers Liability Act, wherein the administratrix was the proper party plaintiff. The ruling in that case was approved by the same court in Dungan v. Railroad, 178 Mo. App. 164. We are further fortified in the view we take of the amendment in this case by the opinion of Mr. Justice PITNEY of the United States Supreme Court in M. K. & T. Ry. Co. v. Wulf, 226 U. S. 570. In that case the action had been instituted by the mother of the deceased as his sole heir, and subsequently she was appointed administratrix and was made a party plaintiff. The action in that case was under the Federal Employers Liability Act, where the action could only be maintained by the personal representative of the deceased. The substitution was approved and it was ruled that the substitution did not change the cause of action.

Defendants cite the case of Broyles v. Eversmeyer, 262 Mo. 384, as supporting their contention. It is difficult to understand how that case is authority for defendants' position. This court, speaking through GRAVES, J., held proper an amendment correcting a mistake in the description of a tract of land. Section 1848, Revised Statutes 1909 (now Sec. 1274, R. S. 1919), was there invoked as authority for the amendment. That same statute provides for adding or striking out the name of a party and for amendment of the pleadings, even after the proof has been made, in order to conform pleading to proof where such amendment does not change substantially the claim or defense. Defendants also cite Garber v. Mo. Pac. Ry. Co., 210 S. W. 377. The question there was the propriety of the action of the trial court in striking out the third count of the third amended petition as a departure. The first and second counts of said amended petition were based on Missouri statutes and the third count on the Federal Employers Liability Act. As no exceptions were saved to the action of the trial court in striking out such third count, it was held that the question was not properly raised for review and the propriety of the amendment was not before this court, and that even if the question had been properly saved, as neither the original nor any other petition prior to the third amended petition was incorporated in the record, the court was in no position to determine the propriety of the amendment. The question of departure was not determined.

In Bank v. Thompson, 223 S. W. 734, relied on by defendants, the original petition counted on a demand note and the amended petition upon an agreement under which the note set out in the original petition had been given to secure the payment of other notes. The two petitions were based on different subject-matters and required quite different evidence to support them. None of the other cases on the question of departure cited by defendants give us any additional light.

No reason except the alleged departure appears in the record before us to justify the court's action in strik-

ing out the fifth amended-petition. It is true that the per-mitting of amendments is largely within the sound dis-cretion of the trial court. The court having exercised its discretion in plaintiff's favor and having permitted the substitution of the widow as party plaintiff, we are justified in assuming that it would not have stricken out the pleading except for the supposed departure. We are satisfied that was not a sufficient reason. We regard the exercise of the court's power as unwise and unsound where its action finally closed the door to relief in plain-tiff's face. The Statute of Limitations is a complete bar to the prosecution of a new suit.

From what has been said it is apparent that the court erred in striking out plaintiff's fifth amended petition and dismissing the cause and entering judgment against plaintiff for costs. The judgment of the trial court must be reversed and the cause remanded with directions to the trial court to set aside its order of dismissal of the cause and to reinstate plaintiff's fifth amended petition and to proceed with the cause in conformity to law.

It is so ordered. All concur.