STATE OF MISSOURI at the relation of GENERAL MILLS, INC., a Corporation, Relator, v. MARION D. WALTNER, Judge of the Circuit Court of Jackson County, at Independence.—156 S. W. (2d) 664.

Court en Banc, October 25, 1941.

Rehearing Denied, November 26, 1941.

*Johnson & Davis* for relator.

*Clarence C. Chilcott* and *Walter A. Raymond* for respondent.

CLARK, J.—Original proceedings in this court at the relation of General Mills, Inc., to prohibit the circuit court of Jackson County from proceeding further against relator as a defendant in the case of Harry Nance v. The Atchison, Topeka and Santa Fe Railway Company, a corporation, and General Mills, Inc., a corporation.

On August 24, 1936, Nance filed his suit for damages against the railway company as sole defendant, alleging that he received injuries while working for that company on the premises of the Red Star Mill in Wichita, Kansas, in September, 1935. On December 18, 1936, Nance filed an amended petition against the railway company. In August, 1937, he filed an amended petition against the railway company and the Red Star Milling Company, alleging the latter company to be a Kansas corporation, and that it owned and operated the Red Star Mill. Summons was issued to the Sheriff of Jasper County, Missouri, and returned by him as served by delivering a copy of the summons and amended petition to C. E. McFerron, bookkeeper for defendant, Red Star Milling Company, a corporation, in charge of said defendant's business office, etc. On September 15, 1937, Red Star Milling Company, appearing specially, filed a plea in abate-

ment stating that it had been dissolved prior to August, 1937; that at the time of service of said process it had no place of business and McFerron was not in its employ. Coupled with this plea was a general denial. The plea was never presented to or passed upon by the court. On December 12, 1939, Nance filed a motion to amend the pleadings, process, records and return by substituting the name "General Mills, Inc.," a Delaware corporation, in lieu of "Red Star Milling Company," a Kansas corporation, and to direct and permit the sheriff to amend his return accordingly. The motion alleged that General Mills was the real name of the defendant which plaintiff sued and intended to sue; that the summons was actually served on McFerron, agent in charge of the business office of General Mills; that General Mills was generally known as "Red Star Milling Company" and by that name proclaimed itself to the public and transacted most of its business. This motion was served on the General Mills Corporation and on December 27, 1939, was presented to the court and, after hearing the evidence and arguments and taking the matter under advisement until August 31, 1940, the court sustained the motion. On September 7, 1940, the relator, appearing specially, filed its motion to quash the amended summons and amended return. By agreement of parties the evidence taken on plaintiff's motion was resubmitted on relator's motion to quash. The motion to quash was heard by the court in November, 1940, taken under advisement and overruled on January 10, 1941.

In this court relator sets out several "points" but, as we view the case, the only question is: Does the amendment of the pleading, record, process and return constitute the substitution of a new cause of action under the guise of an amendment?

From the evidence taken on the motion to amend and from statements contained in briefs of counsel, the following facts appear: prior to July, 1928, the Red Star Mill at Wichita was owned and operated by a Kansas corporation under the name of Red Star Milling Company; on or about that date, General Mills, Inc., a Delaware corporation, applied for and received ▮▮▮▮ permission to do business in Kansas, stating that it had a contract to acquire all the assets of Red Star Milling Company; shortly thereafter the Kansas corporation conveyed its assets to General Mills, Inc., and was dissolved; General Mills operated the Wichita property until October, 1933, when it leased the same to a Delaware corporation organized in 1928 under the name of Red Star Milling Company; on or about June 1, 1937, General Mills, Inc., again took over the Wichita property and a branch office or warehouse at Joplin, Missouri, which had been established in 1936, and shortly thereafter the Red Star Milling Company (Delaware corporation) was dissolved.

The plaintiff also introduced evidence tending to show: that the stock of Red Star Milling Company (Delaware corporation) was

wholly owned by General Mills, Inc.; that the business was conducted under the name of Red Star Milling Company until June, 1937, and that a large part of the business has been conducted under that name since that time; that part of the letters are written on Red Star Milling Company stationery and the company is still listed under that name in the telephone books both at Wichita and Joplin; that General Mills, Inc., does business in several states; has assets valued at more than $60,000,000 of which about $20,000,000 are located in Kansas.

The contentions of respondent (plaintiff) may be fairly stated as follows: (1) service was on the right party, but under the wrong name, and the amendment is therefore proper; (2) the Red Star Milling Company was a mere department or agency for the transaction of relator's business and relator is the real party liable to plaintiff.

(1) On the first point respondent cites many cases, but discusses only the following: Ohlmann v. Clarkson Sawmill Co., 222 Mo. 62, 120 S. W. 1155; Porter v. Mo. Pac. R. Co., 219 Mo. App. 19, 267 S. W. 964; Kahn v. Mercantile Town Mut. Ins. Co., 228 Mo. 585, 128 S. W. 995; Taylor v. Mo. Pac. R. Co., 311 Mo. 604, 279 S. W. 115. In the Ohlmann case it was said that service upon the right party by the wrong name gives jurisdiction, but it was there held that an order of publication for "Mike" Ohlmann did not confer jurisdiction on Michael Ohlmann.

In Porter v. Mo. Pac. R. Co., supra, the original petition was against Missouri Pacific *Railway* Co., for damages due to alleged negligence on November 16, 1923. Summons was issued to the railway company, but served upon the Missouri Pacific *Railroad* Company, and the return so showed. Plaintiff was granted permission to amend his petition and summons by substituting the word "railroad" for "railway," upon proof that all the assets of the Missouri Pacific Railway Company had been sold to a new corporation, the Missouri Pacific Railroad Company, in 1917, and the railroad had been operated by the new company since. A like decision was reached by this court on similar facts in Taylor v. Mo. Pac. R. Co., supra.

Kahn v. Merc. Town Mut. Ins. Co., supra, involved the propriety of amending a sheriff's return to show service on a defendant corporation at its "principal office," instead of at its "usual business office."

After careful reading, we do not believe that those cases or the others cited by respondent sustain his contention. The nearest approach to the instant case is made by the two railroad cases above mentioned, but in each of them the suit was against, and service had upon, the corporation actually operating the railroad both at the time of suit and at the time the cause of action arose. In the instant

case the amended petition was against, and the summons directed to, the Red Star Milling Company of Kansas which had long since ceased to exist; the petition stated a cause of action alleged to have accrued at a time when Red Star Milling Company of Delaware was in charge of the property, and the service was upon an employee of General Mills, a corporation which did not operate the property, at least openly, until nearly two years after the injury to plaintiff. In other words, this is not a case of service on the right party under the wrong name.

█ Respondent argues that, since the relator transacted at least a part of its business under the name of the Red Star Milling Company, it cannot object to being sued under that name. There is a line of cases, a species of estoppel, properly holding that where a person adopts a name for certain purposes, for instance, takes record title to real estate by the initials ██ of his Christian name, he may be sued by the name so adopted. [See Ohlmann v. Sawmill Co., 222 Mo. 62, 120 S. W. 1155.] To support his argument on this point, relator cites: Bedell v. Richardson Lubricating Co. (Mo. App.), 226 S. W. 653. That case involved two corporations with similar names, closely connected by ownership and management, one organized in Missouri, Richardson Lubricating Company of Missouri, the other in Illinois, Richardson Lubricating Company. Bedell, an employee of the Missouri corporation, sued it for libel by the name of Richardson Lubricating Company. Service was had on the Missouri corporation, judgment procured by plaintiff and case affirmed by the court of appeals. Then Bedell sued on the appeal bond and the Illinois corporation sued to enjoin enforcement of the judgment in the libel suit, claiming that Bedell had really sued it, although describing it as a Missouri corporation, and setting forth reasons why it was not liable. Bedell won both suits in the circuit court and both were appealed. The court of appeals said that the facts show that it was the Missouri corporation which was sued and served with process; and, although sued by the wrong name, it did not raise the point either in the trial court or on the former appeal and its right to object on that ground was waived. The court of appeals also said: "It is further shown that after the libel suit was brought suit was filed in the circuit court of Chariton county by the 'Richardson Lubricating Company.' This suit grew out of the controversy referred to in the libelous letter, and plaintiff in the petition in that suit, aside from styling itself the 'Richardson Lubricating Company,' alleged that it was a Missouri corporation. It would appear that the Missouri corporation either did not know its own name or was going under the name of the 'Richardson Lubricating Company,' and it ought not to complain that others did not know its true name."

The facts of the Bedell case clearly distinguish it from the instant case, but respondent thinks the passage above quoted lends support

to his contention that General Mills, Inc., is estopped by reason of having transacted a portion of its business under the name of Red Star Milling Company. We do not think so. The facts in the instant case show that from October, 1933, to June, 1937, which covers the time of the alleged injury to plaintiff and the time he filed his suit, the property was being operated by the Red Star Milling Company (Delaware) and naturally the business was transacted under its own name. The fact that General Mills also did part of its business under the name of Red Star Milling Company when it again took over the business after the cause of action accrued and after the suit was brought, would not make it liable to suit on a cause of action which accrued before it took charge. After June 1, 1937, the bank account was carried in the name of "General Mills, Inc.," but some of the correspondence was conducted on stationery of Red Star Milling Company and the telephone was still listed in that name. However, there was no proof that plaintiff was misled by this method of doing business or that he had any knowledge of it. The telephone listing did not even show that the company was incorporated. It is common knowledge that such listing is often made under a trade name. Records of incorporation are kept in the office of the Secretary of State and if plaintiff had consulted that record, when he filed his second amended petition, he would have found that General Mills, Inc., was in charge of the property and that the company named in his petition, "Red Star Milling Company" (Kansas) had long since been dissolved.

(2) Respondent says that the Red Star Milling Company was a mere department or agency for the transaction of the business of General Mills, Inc., and that the latter company is the real party liable.

We deem it unnecessary to determine whether respondent offered any substantial proof in support of this contention or to review the many cases cited by respondent.

For the conditions necessary to fasten liability on one corporation for the acts of another corporation which it dominates, we refer the curious to the case of May Department Stores Co. v. Union Electric L. & P. Co., 341 Mo. 299, 107 S. W. (2d) 41, where the matter is fully discussed. The question is not now before us.

We need not, and should not, decide whether General Mills, Inc., was or is liable for the alleged tort of Red Star Milling Company. That theory is not advanced either by respondent's motion to amend or by the petition as finally amended. The petition, if it states any cause of action against General Mills, is based on the theory that General Mills was directly operating the Wichita property at the time respondent was injured. It says not a word about General Mills operating the property through a dominated and controlled subsidiary corporation. It alleges no fact tending to show any lia-

bility of General Mills for the tort of Red Star Milling Company. As it now reads, the petition makes no reference to the Red Star Milling Company.

Even if it be true, which we do not hold, that Red Star Milling Company (Delaware) was completely dominated by General Mills, Inc., at the time of plaintiff's injury, yet the property was then being operated by Red Star Milling Company, a separate corporation, under its own name by which it was subject to suit. If respondent had obtained judgment against Red Star Milling Company he could have sued General Mills on the judgment provided he made proper allegations showing its liability for the debt of the Red Star Milling Company; or respondent, on such allegations, could possibly have sued General Mills direct without first having obtained a judgment against its alleged subsidiary. But a suit against General Mills for the tort of its subsidiary requires different allegations and proof from a suit against the subsidiary for its own tort. Therefore, a petition stating a cause of action against the subsidiary cannot, by amendment, be converted into a suit against the parent corporation.

As already stated, respondent's motion to amend is based solely on the ground that he intended to file his second amended petition against General Mills but was led into filing it against Red Star Milling Company by reason of the manner in which General Mills transacted its business. We do not believe the motion has been supported by substantial evidence and, while the point may be preserved and brought up on appeal, the remedy by appeal would be inadequate. [Dahlberg v. Fisse, 328 Mo. 213, 40 S. W. (2d) 606.].

Our writ of prohibition should be and is made absolute. All concur.