HILDEGARDE C. ROHDE BEGER, Administratrix of the Estate of JOHN H. ROHDE, Deceased, v. FRANCES L. MEARA, Appellant.— No. 38438.—171 S. W. (2d) 650.

Division One, June 1, 1943.

*Heideman & Heideman* for appellant.

*Waddock & Waddock* for respondent.

BRADLEY. C.—This cause was commenced January 12, 1939, by filing petition in separate counts, to recover on three promissory notes for $2500, $2000, and $500, respectively, plus interest. Judgment went for plaintiff for $8669.80, and defendant appealed.

The notes were payable to the order of John H. Rohde and were signed by John M. Meara and his wife, Frances L. Meara, defendant and appellant here. John M. Meara died before this cause was commenced. The $2500 note was executed October 29, 1929, and was due one year after date; the $2000 note was executed December 6, 1929, and was due six months after date; the $500 note was executed June 2, 1932, and was due one year after date.

John H. Rohde and his wife, Mary A. Rohde, had only one child, Henry Rohde, who died September 29, 1934. Plaintiff administratrix,

66

Hildegarde C. Rohde Beger, was the wife of Henry Rohde. Henry and Hildegarde had a child, Mary Ann Rohde, yet living, and is the minor mentioned in the record. John H. Rhode, prior to Henry's death, executed his will (date not given) and died April 7, 1937. Mary A., wife of John H. Rohde, was named executrix in the will. John H. Rohde, by his will, devised his property to his wife, Mary A., for life, remainder to his son, Henry.

The will was duly probated and on April 26, 1937, letters testamentary were issued to Mary A. Rohde, who died February 14, 1938. Upon the death of Mary A. Rohde, P. S. Limerick, public administrator, was appointed administrator de bonis non cum testamento annexo of the John H. Rohde estate. May 27, 1938, the appointment of Limerick was set aside and Hildegarde C. Rohde was appointed administratrix de bonis non cum testamento annexo. December 27, 1938, the administratrix de bonis non filed final settlement which was approved and distribution ordered and made; costs were paid and the administratrix was discharged.

Hildegarde C. Rohde was the curatrix of her minor daughter's estate and as such came into possession of the three notes under the order of distribution.

June 12, 1939, the order of distribution was set aside and the assets distributed were ordered returned to the estate, which was done and the order discharging the administratrix de bonis non was also set aside. See In re Rohde's Estate (Mo. App.), 157 S. W. (2d) 527. The setting aside orders put the three notes back in the hands of Hildegarde C. Rohde, administratrix de bonis non. Hildegarde C. Rohde got married and became Hildegarde C. Rohde Beger, as her name appears in the petition upon which the cause was finally submitted to the trial court.

Three petitions were filed. The original, as stated, was filed January 12, 1939, and was styled "Mary Ann Rohde, a minor, by Hildegarde C. Rohde, curatrix, plaintiff, v. Frances L. Meara, defendant." In this petition, in three counts, the minor plaintiff alleged that she was, under the order of distribution [December 27, 1938], the "legal holder and owner" of the note described in each count.

August 11, 1939, there was an amended petition filed. In this petition the plaintiff was named as "Mary Ann Rohde, a minor, by Hildegarde C. Rohde Beger, curatrix." Otherwise, the petition was the same, in effect, as the original. This first amended petition was filed after the setting aside orders were made, but before they became final. See In re Rohde's Estate, supra.

July 2, 1940, defendant filed what is called "defendant's fourth amended answer to plaintiff's amended petition" (filed August 11, 1939). The answer alleges that John H. Rohde and his wife, Mary A. Rohde, "were the owners and lessees of numerous tenement and

commercial buildings'' in St. Louis and St. Louis County; that at the time of the execution of the notes ''it was verbally agreed'' between John H. Rohde and John M. Meara that John M. Meara would render, or cause to be rendered, the necessary service to put in good repair the heating plants, water pipes, etc. in these buildings and so keep the same during the remainder of the life of John H. and Mary A. Rohde and would take Mary A. Rohde to and from her physician in an automobile whenever necessary.. And for all this service, it is alleged that John H. Rohde agreed to cancel said notes, and mark same paid in full, and destroy or return the same to said John M. Meara.'' It is, in effect, alleged that such services were rendered, but the notes were not cancelled or returned.

March 17, 1942, and after the setting aside orders became final, a ''second amended petition'' was filed. In the ''second amended petition'' the cause was styled ''Hildegarde C. Rohde Beger, administratrix d. b. n. c. t. a. Estate of John H. Rohde, deceased, plaintiff, v. Frances L. Meara, defendant.'' In this petition the three counts are preceded by a paragraph alleging that the order of distribution, etc. was set aside. Then the three counts, respectively, on the $2500, the $2000, and the $500 notes, allege the pertinent facts.

May 1, 1942, defendant filed motion to strike the second amended petition. The motion to strike was on three grounds, as follows:

''(1) Said purported second amended petition substitutes for the name and person of the original and only plaintiff (Mary Ann Rohde, the minor) in the case, who is still alive, the name and person of another person (the administratrix de bonis non) who is not a party to this suit as the only plaintiff in the case.

''(2) Said purported second amended petition changes the cause of action set out in plaintiff's original and subsequent pleadings herein filed; it does not conform to the pleadings of plaintiff and the proceedings herein had in this case, and substitutes an entirely new suit by way of amendment; and a different line of evidence will be required to sustain the cause of action set out in plaintiff's original petition herein filed after said substitution of the name and person of said Hildegarde C. Rohde Beger, administratrix d. b. n. c. t. a., estate of John H. Rohde, deceased, as plaintiff in the case.

''(3) Said purported second amended petition is an attempt on the part of plaintiff herein to evade the running of the statute of limitations of the State of Missouri against the purported cause of action set out in the original petition herein filed.''

May 11, 1942, the motion to strike was overruled. June 17, 1942, the cause came on for trial, but defendant made no appearance. Plaintiff waived a jury; introduced her evidence, and judgment was rendered for plaintiff for the total sum of $8669.80, as above stated. Defendant filed motion for a new trial, which was overruled, and she appealed. . .

■ To support the contention that the substitution of the administratrix de bonis non, as plaintiff in the second amended petition, the petition upon which the cause was tried was proper, plaintiff, respondent here, cites and relies upon Sec. 971, R. S. 1939, Mo. R. S. A., Sec. 971; Lilly et al. v. Tobbein et al., 103 Mo. 477, 15 S. W. 618; Eulinberg v. Quick Payment Old Line Life Ins. Co. (Mo. App.), 261 S. W. 725; Craig et al. v. Metropolitan Life Ins. Co., 220 Mo. App. 913, 296 S. W. 209; Drakopulos v. Biddle, 288 Mo. 424, 231 S. W. 924; Hackett v. Van Frank, 119 Mo. App. 648, 96 S. W. 247; Turner v. Noble, 211 Mo. App. 656, 249 S. W. 103; M. K. & T. Ry. Co. v. Wulf, 226 U. S. 570, 33 S. Ct. 135, 57 L. Ed. 355.

To support the contention that the motion to strike should have been sustained, defendant cites and relies upon Wade et al. v. Boone, 184 Mo. App. 88, 168 S. W. 360; Credit Alliance Corp. v. Bryan (Mo. App.), 27 S. W. (2d) 441; Meyer v. Oregon Interurban Ry. Co., 219 Mo. App. 360, 271 S. W. 865; Courtney v. Sheehy, 38 Mo. App. 290; Clements v. Greenwell, 40 Mo. App. 589; Arrowhead v. Delaney's Estate (Mo. App.), 295 S. W. 522; State ex rel. General Mills, Inc. v. Waltner, 348 Mo. 852, 156 S. W. (2d) 664.

Sec. 971, R. S. 1939, provides: "The court may, at any time before final judgment, in furtherance of justice, and on such terms as may be proper, amend any record, pleading, process, entry, return or other proceedings, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

It was declared, by this court, at an early day, that "the statute in relation to amendments is liberal", and that "the courts should be, at least, as lenient and liberal, in such matters, as the statute." Carr v. Moss, 87 Mo. 447. And at an earlier day this court said that "trial courts should be liberal in allowing amendments in furtherance of justice." Ensworth v. Barton, 67 Mo. 622.

The Lilly case, supra, was an action to establish a will that had been rejected in the probate court. The cause was commenced in the name of an unincorporated church society. A demurrer to the petition, on the ground that the unincorporated church society had no power or legal capacity to sue, was sustained. The petition was amended by naming the individual members of the church, who had the right to sue as plaintiffs. It was held that the amendment was proper, and that it related back to the commencement of the suit.

The Eulinberg case, supra, was an action on a life insurance policy. The plaintiff, Lou Eulinberg, and the widow of the insured, sent the policy to the company when proofs of death were sent. The policy was not paid and the widow, thinking that she was the named beneficiary,

filed suit in her own name. It turned out, however, that the policy was payable to the executor or administrator of the insured. Thereupon, the plaintiff obtained from the probate court what is sometimes termed letters of refusal (Sec. 2, R. S. 1939, Mo. R. S. A., Sec. 2, amended, Laws 1941, p. 289) and amended the petition to state that the policy was payable to the executors and administrators of the insured and that letters of refusal had been issued to her. It was held that the amendment was proper.

The Craig case, supra, was also on a life insurance policy. The policy was payable to the insured's executor or administrator. The suit, however, was commenced in the name of the mother of the insured. At the close of the case the defendant interposed a demurrer to the evidence. The demurrer was overruled, but before submission, the petition was amended by substituting as plaintiff the administrator of the insured's estate instead of the mother. It was held that the amendment was proper. The court said [296 S. W. l. c. 211]:

"We rule this point (on the amendment) without merit in light of the liberal provisions of section 1274, Rev. Stat. of Mo. 1919, with respect to amendments. It has often been ruled that, while it is difficult to lay down a hard and fast rule with respect to what amendments should be allowed under the provisions of this statute, concededly the rule favors the allowing of amendments and it is the exception to refuse them. Montague v. Railroad Co., 289 Mo. 288, 233 S. W. 189, and cases therein cited. This statute has in the later cases been most liberally construed in those cases where the amendment is by bringing in or substituting the proper party plaintiff, and where, if not allowed, plaintiff's cause of action would be barred. [653] These later cases have uniformly held that the substituting of a party having the legal right to sue, instead of one improperly named as plaintiff, is permissible and does not change the cause of action." Quite a number of cases are cited.

The Drakopulos case, supra, was an action based on the wrongful death statute of Kansas. In the fourth amended petition, the administrator of the estate of the deceased was named as plaintiff. An amendment was permitted naming the widow of the deceased as plaintiff instead of the administrator. A motion to strike the fifth amended petition was sustained on the theory that the fifth amended petition was "a departure from the cause of action stated in the fourth amended and prior petitions, because a new plaintiff is substituted, who is a stranger to the original cause of action and to the plaintiff therein, and because the fifth amended petition is based upon a statute different from the one which is the basis of the claim of the fourth amended petition, and because entirely different proof will be required in the two petitions, and because a judgment upon one petition would be no bar to the cause of action stated in the other."

It was held in the Drakopulos case that the court erred in sustaining the motion to strike. The court said [231 S. W. 1. c. 926]: "It is true the amended petition requires somewhat different proof from the fourth amended petition, but not substantially different proof. If the test of departure be that the proof required is different in any respect, then every amendment would be a departure. We think section 1274, R. S. Mo. 1919 (now Sec. 971), is sufficiently broad to cover the amendment here in question. It provides for an amendment by adding or striking out the name of a party, and even provides for amendment after the proof has been made in order to conform to the pleadings to be proof, where such amendment does not substantially change the claim or defense. This is the consideration which should guide the courts. If the amendment does not substantially change the claim or defense, there is no departure."

See also, Blair v. Hall (Mo App.), 201 S. W. 945. In that case it was held that "under our liberal practice as to amendment of pleadings, even if a defendant is sued and brought into court in his representative capacity, the petition may be so amended as to charge him individually."

It will not be necessary to review the cases cited by defendant, the appellant here. There is no ruling in either of them that would justify the holding that defendant's motion to strike should have been sustained. The judgment should be affirmed and it is so ordered.

*Dalton* and *Van Osdol, CC.*, concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.