LELA MYRTLE KING, RESPONDENT, v. SMITH BAKING COMPANY, APPELLANT.—71 S. W. (2d) 115.

Kansas City Court of Appeals. April 2, 1934.

*Thomas J. Brown* and *Swanson & Spalding* for respondent.

*Horace Guffin* and *Edmund B. Smith* for appellant.

REYNOLDS, C.—This is a suit instituted by respondent on the thirteenth day of September, 1930, in the Circuit Court of Jackson County for the death of her husband, Arthur Lee King, from injuries alleged to have been received by him while engaged in the course of his employment by appellant, by reason of the negligence of appellant.

The deceased husband died on the thirtieth day of January, 1930. In her amended petition, upon which the cause was tried, respondent alleged the corporate capacity of appellant and that appellant was engaged in the business of manufacturing and distributing bakery products in Kansas City, Missouri, and vicinity; that she is and was the lawful wife of deceased; and that he died on or about January 30, 1930, and left no minor children surviving him. She then charges the acts of negligence complained of and the injuries thereby occasioned deceased, from which, it was claimed, he died. The prayer was for judgment for damages against appellant in the sum of ten thousand dollars.

The answer of appellant to the amended petition admitted that it was a corporation and that respondent was the wife of deceased and that he died on or about January 30, 1930, and tendered a general denial as to all other allegations.

It further set out that the deceased, Arthur Lee King, left surviving him one Emmett Lee King, a minor son, of the age of fourteen years; that said minor was also the son of the respondent; that the respondend had no right to maintain the suit in that her right to assert the cause of action had terminated prior to the filing of the original petition, such petition not being filed within six months after the death of deceased and more than six months having elapsed from the date of his death to the date of such filing; that respondent was

without capacity to maintain the suit; and that the court was without jurisdiction to entertain and determine the same.

The answer tendered the additional defense to the effect that the claim asserted by respondent for damages for the death of her husband by reason of his alleged injuries arising under the circumstances charged in the amended petition was within the jurisdiction of the Workmen's Compensation Commission and that the determination of said claim was exclusively for said commission and, therefore, without the jurisdiction of the court.

It further tendered in bar the award of the Workmen's Compensation Commission denying relief to claimant herein the matter of a complaint, filed by the deceased, Arthur Lee King, against appellant herein before such commission for compensation, alleged to have been based upon the same alleged injuries and facts as those relied upon by respondent in her petition. To appellant's answer, respondent made reply by way of general denial.

Upon trial had before the court and jury at the March term, 1933, of the court, a verdict was returned in favor of respondent for the sum of $6,610; and judgment in accordance therewith was duly entered at such term. After unsuccessful motions for a new trial and in arrest of judgment, the appellant prosecutes its appeal to this court.

Notwithstanding the statement in the amended petition that deceased, Arthur Lee King, upon his death left no minor children surviving him, the record shows that it was admitted upon the trial that he did leave a minor child of the age of fourteen years surviving him and that said minor child still survived at the time of the institution of this suit and that this suit is the only action brought by any person under the wrongful death statute or on the theory of common-law negligence. It was also admitted that the deceased, Arthur Lee King, died January 30, 1930.

At the close of all of the evidence, the appellant requested an instruction in the nature of a demurrer directing a verdict for it, which was by the court denied.

### OPINION.

The appellant makes various assignments of error, first among which is the failure of the trial court to give its requested instruction, at the close of all the evidence, in the nature of a demurrer directing a verdict for it for the reason that respondent, at the time of the institution of this suit, was without capacity to maintain the same, in that the deceased husband, Arthur Lee King, at the time of his death, left surviving him a minor child, Emmett Lee King, who, at the institution of this suit, was still living, and that this suit was not brought by respondent until more than six months after the death of the said Arthur Lee King—in other words, for the reason that, at the time of the institution of this suit, upon the

facts disclosed by the record, the time within which the respondent had a right to assert the cause of action for the damages for the death of her husband had expired and there then existed no right in her to assert the same.

2—This contention is seemingly well made. The suit appears to have been filed under Sections 3262, 3263, and 3264, Revised Statutes 1929, under which sections, upon the facts in this record, the respondent could assert the cause of action therein provided for damages on account of her husband's death only by a suit within a period of six months after his death. Otherwise, the right to assert the cause of action passed to the minor child, Emmett Lee King, upon the expiration of said six months' period, to be asserted by him at any time thereafter within one year after death of the husband and father.

3—The suit herein was not filed by respondent until seven months and thirteen days after the death of her husband. She, therefore, is not entitled to maintain this action unless it somewhere appears in both the pleading and proof that the six months' period of limitation within which she had the right to assert the cause of action by suit had been tolled or that she had asserted such cause of action afforded by said sections by an appropriate proceeding thereunder within the period of six months and had suffered a dismissal of the same—that is, unless it appears from the averments in the petition and the proof that the cause of action afforded by such sections had been asserted by her by suit, as, for instance, by an appropriate proceeding had under said sections within such six months' period, and that she had suffered a nonsuit and thereupon was bringing this new action within the year.

Nothing of that kind appears in her petition or in the proof.

4—It may be said that, outside such sections of the statute, she had no right to sue and, therefore, in order to sue, she must bring herself inside such statute. [Chandler v. Chicago & A. R. Co., 251 Mo. 592, l. c. 600 and 601, 158 S. W. 35.]

It was further said in Chandler v. Chicago & Alton Railroad Company, supra:

"A party suing under the statute referred to must bring himself in his pleading and proof strictly within the statutory requirements necessary to confer the right. Otherwise, his petition states no cause of action and his proof is insufficient to sustain his judgment. Only such persons can recover (and in such time and in such manner) as the letter of the law prescribes. Only such persons may sue as the statute permits and they alone can sue. They must sue, too, within the time prescribed by the statute. It must be conceded that the section reserves to itself the exclusive power of naming those who could maintain the actions and of fixing the time in which each of the enumerated persons could sue.' "

In Barker v. Hannibal & St. Joseph Railroad Company, 91 Mo. 86, l. c. 94, 14 S. W. 280, the court said:

"In statutory actions of this sort, the party suing must bring himself strictly within the statutory requirements necessary to confer the right, and this must appear in his petition; otherwise, it shows no cause of action."

The doctrine thus announced in the quoted causes, supra, has been uniformly and consistently maintained throughout by our Supreme Court in all cases where the facts in the record are such as are found here.

It is true that further holdings in the cases above mentioned to the effect that a surviving husband or wife, where there were minor children, by the mere filing of a suit within the period of six months, regardless of the ultimate disposition thereof, had appropriated the cause of action provided by said statutes and caused the same to become vested in the husband or wife, in a manner by which the minor was forever, under any circumstances, cut out and excluded from asserting the same, have been disapproved by the Supreme Court in the late case of Cummins et al. v. Kansas City Public Service Co. et al., 66 S. W. (2d) 920, pages 920 to 934 inclusive; and said cases are no longer to be followed as to such holdings; but what is said in such cases with reference to the necessity for the assertion by the surviving husband or wife of the cause of action by suit within the period of six months first limited, in order that the husband or wife may be entitled to maintain such action and recover thereon, upon records presenting the same facts as herein, is not disapproved or criticised by anything in said opinion but, upon the other hand, is distinguished and approved. Likewise, the holdings in such cases, where the surviving husband or wife first asserts the cause of action by a suit within the limited period of six months which is afterwards dismissed and a new action brought after the period of six months and within a period of one year after the dismissal, that not only the proof in the new suit must show the filing of the original suit within the six months' period of limitation and its dismissal but such facts must be alleged in the plaintiff's petition, were not disapproved or criticised by anything said in Cummins et al. v. Kansas City Public Service Company et al., supra; and such cases are still to be followed in such respect.

The petition of respondent herein fails to make any averment respecting the bringing and the disposition of any suit by respondent within the six months' period limited therefor, nor does it make any averment whatever of any fact or facts by which a tolling of said period of six months for the bringing of this action might be held to have been effected, and neither does the evidence show any such facts. With the admission in the record of the fact that respondent's husband left a minor son surviving who was still living at the time of the trial, the petition filed more than six months after the death of said husband is out of time; and the cause of action sought to be

stated therein is barred by the Statute of Limitation. Such fact is fatal to respondent's right to maintain this action. Appellant's instruction for a directed verdict should have been given as requested.

6—It is to be gathered from the record that the deceased husband, Arthur Lee King, in his lifetime, filed complaint against appellant, as his employer, before the Workmen's Compensation Commission for compensation for his alleged injuries, in which an adverse final award appears to have been made to him by the commission on the sixteenth day of April, 1930, after his death, and, from which adverse award, the respondent, as his dependent, appealed on the seventeenth day of April, 1930, to the Circuit Court of Jackson County; that said claim was thereafter heard by said court and the award sustained; and that, upon motion, the cause was dismissed by the court and an appeal was thereupon had therein from the judgment of the court to the Supreme Court. The respondent makes some claim that, by virtue of her appeal from the award of the Workmen's Compensation Commission, she had asserted and appropriated the cause of action for the death of her husband within the period of six months after his death and was therefore entitled to bring and maintain this action under Sections 3262, 3263, and 3264 of the statutes aforesaid.

A sufficient answer to this contention (even if such was otherwise sufficient to give her the right to assert the cause of action herein under said sections, which it is not) is that she made no averment of such facts in her petition, so as to toll the six months' period for the bringing of this action and to save her cause of action herein from being barred by such Statute of Limitation.

Further, it cannot be seriously contended that the complaint for compensation before the Workmen's Compensation Commission, including the proceedings thereinafter had and the appeal by respondent—although the claim might have ripened into a claim for compensation for death, by respondent—was the action contemplated by Sections 3262, 3263, and 3264 above mentioned or that the cause of action before the commission was the cause of action provided by said sections. Such contention is necessarily overruled.

7—As what has been said herein disposes of this appeal and of this case, it is unnecessary to notice other questions presented by appellant and respondent in their respective briefs. The judgment of the court below is reversed. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of REYNOLDS, C., is adopted as the opinion of the court. The judgment is reversed. All concur.