HENRIETTA GOLDSCHMIDT; HENRIETTA GOLDSCHMIDT, Mother and Natural Guardian of EARLINE GOLDSCHMIDT and HENRIETTA GOLDSCHMIDT, Minor Children; DONNELL MILK COMPANY, a Corporation, and UNITED STATES CASUALTY COMPANY, a Corporation, as Their Interest May Appear, Appellants, v. PEVELY DAIRY COMPANY, a Corporation, and ERWIN JUENGEL.—111 S. W. (2d) 1.

Division One, December 14, 1937.

*Wilton D. Chapman* for appellants.

984

*Lashly, Lashly & Miller* and *Oliver J. Miller* for respondents.

BRADLEY, C.—This is an action by the widow, minor children, the employer and its insurer, against third parties (under the Workmen's Compensation Law) to recover $10,000 for the death of Henry C. Goldschmidt. A demurrer to a second amended petition was sustained and this appeal followed. It appears from the second amended petition that Henry C. Goldschmidt, on April 8, 1934, was in the employ of plaintiff, Donnell Milk Company, as a truck driver, and that he and his employer were under the Workmen's Compensation Act; that plaintiff, United States Casualty Company, was the insurer; that on said date the employee, while on duty, was killed in a collision between the truck he was driving and a truck of defendant, Pevely Dairy Company, being driven at the time by defendant, Juengel, who was at the time in the employ of the Pevely Dairy Company, and on duty. The acts of alleged negligence on the part of defendant Juengel are pleaded.

It further appears from the second amended petition that on May 29, 1934, the Compensation Commission made an award in favor of the widow, Henrietta Goldschmidt, and her two minor children, Earl-

ine and Henrietta, all of whom are plaintiffs, in the sum of $8055, and an additional sum of $150 for burial expenses; that a part of this award has been paid and "a part will be paid from time to time in the future."

The demurrer alleges (1) misjoinder of parties plaintiff; (2) misjoinder of causes of action; and (3) that the "second amended petition does not state facts sufficient to constitute a cause of action upon behalf of the plaintiffs against the defendants, or either of them." It will only be necessary to consider the third ground of the demurrer.

The case history is as follows: As appears above, the employee was killed April 8, 1934, and on May 29, 1934, compensation was awarded the widow and minor children. The record discloses that on October 18, 1934, six months and ten days after the death of her husband, the widow filed the original petition against defendants in which petition she was the sole plaintiff. A general denial to this petition was filed by defendants January 16, 1935. June 17, 1935, a year, two months and nine days after the death of Henry C. Goldschmidt, the first amended petition was filed in which the widow, minor children, the employer and insurer were joined as parties plaintiff. Demurrer to the first amended petition was filed June 21, 1935, and was overruled September 16, 1935. Then on September 18th (in same term) the order overruling the demurrer was set aside and an order entered sustaining the demurrer. November 27, 1935, the second amended petition (the one at bar) was filed, in which were the same parties plaintiff as in the first amended petition. December 2, 1935, demurrer was filed to the second amended petition, which demurrer was sustained February 17, 1936, cause was dismissed, and this appeal followed.

It is contended by defendants (respondents here) that any cause of action that plaintiffs or either of them may have had against them for the death of Henry C. Goldschmidt is barred by the limitations prescribed by Sections 3262, 3264, 3266, Revised Statutes 1929 (Mo. Stat. Ann., secs. 3262, 3264, 3266, pp. 3353, 3377, 3385).

■ We first proceed as though the Compensation Law were not involved and as though the widow and minor children were the only parties concerned. That is, we first consider the questions raised as they affect the widow and minor children. Neither of the petitions disclosed on the face thereof when filed, but the court may look to the filing date to determine when a petition is filed. [Bright v. Thatcher et al., 202 Mo. App. 301, 215 S. W. 788, l. c. 790, 791; O'Hara v. Lamb Const. Co., 200 Mo. App. 292, 206 S. W. 253.]

■ The first and second amended petitions disclose that deceased left minor children, and this being so, the widow was required to file suit within six months from the date of death of her husband.

otherwise the cause of action passed from her and vested in the minor children. [Sec. 3262, R. S. 1929; Tobin v. Bell Telephone Co. (Mo.), 199 S. W. 952; Chandler v. Chicago & Alton Railroad Co. et al., 251 Mo. 592, 158 S. W. 35; King v. Smith Baking Co., 228 Mo. App. 721, 71 S. W. (2d) 115.] The widow did not sue within six months, therefore, when the first petition was filed by her alone, there was no cause of action in her to state. The first amended petition making the minor children parties plaintiff, along with their mother, the employer and the insurer, was not filed until June 17, 1935, a year, two months and nine days after the death of the deceased. Section 3262 provides that if the wife fails to sue within the six months, then the minor child or children may sue, and Section 3266, Revised Statutes 1929 (Mo. Stat. Ann., sec. 3266, p. 3385), provides that "every action instituted by virtue of the preceding sections of this article shall be commenced within one year after the cause of action shall accrue," except in certain circumstances which are not here involved. And notwithstanding that the cause of action was in the widow for the six months period, the minors were required to file suit within one year from date of death of deceased. [Cummins et al. v. Kansas City Public Service Co., 334 Mo. 672, 66 S. W. (2d) 920, l. c. 931; Rutter v. Mo. Pac. Ry. Co., 81 Mo. 169.] They did not sue within the year, hence any cause of action in them was barred upon the lapse of the one year.

█ But it is contended that the filing of the first amended petition, two months and nine days after the lapse of the one year, relates back "to the time of the filing of the original petition, and the joining of additional parties plaintiff or the substitution of a new plaintiff relates back to the filing of the original petition, and the joining of such additional plaintiffs or the substitution of a new plaintiff is not barred even though they were at the time of the amendment barred by limitations from instituting a new action." As supporting these contentions plaintiffs call our attention to Drakopulos v. Biddle et al., 288 Mo. 424, 231 S. W. 924; Vaughan v. St. L. & S. F. Railroad Co., 177 Mo. App. 155, 164 S. W. 144, l. c. 148; American Railroad Co. v. Didricksen, 227 U. S. 145, 33 Sup. Ct. 224, 57 L. Ed. 456; Cytron v. St. Louis Transit Co., 205 Mo. 692, l. c. 698 et seq., 104 S. W. 109; Clark v. Kansas City, St. L. & Chicago Railroad Co., 219 Mo. l. c. 540, 118 S. W. 40; Gresham v. Talbot, 326 Mo. 517, 31 S. W. (2d) 766.

There would be merit in the relating back contention if there had been a cause of action vested in the widow when she, as sole plaintiff, filed the original petition, but when the original petition was filed, there was no cause of action in the widow, hence there was nothing to relate back to. There being no cause of action in the widow when the original petition was filed, such petition could not

be *amended* by bringing in the minor children as parties plaintiff, who had no cause of action when the first amended petition was filed, and this because they did not sue within one year from the date of the death of their father. [Meservey v. Pratt-Thompson Const. Co. (Mo. App.), 291 S. W. 174, l. c. 177, and cases there cited.] We do not mean to imply that if the first amended petition, in which the minor children were added as plaintiffs had been filed within the one year, that such would have been an *amendment* of the original petition. Had that situation obtained, what is called the first amended petition could, we think, have been considered as a petition on behalf of the minor children, independent of the widow. To rule in accordance with the relating back theory, under the facts as appear here, would be to nullify Section 3262 et seq., as to what parties may sue under the wrongful death statute and *when* they must sue, if at all. We are constrained to rule that the second amended petition, under any theory, stated no cause of action in the widow and minor children.

It is contended on the part of the employer that the cause of action as to it did not *accrue* until the Compensation Commission made the award on May 29, 1934, and that, as to it, the cause of action was subject only to the five-year Statute of Limitations.

Section 3309, Revised Statute 1929 (Mo. Stat. Ann., sec. 3309, p. 8244) provides: "Where a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his dependents would have been entitled to recover. Any recovery by the employer against such third person, in excess of the compensation paid by the employer, after deducting the expenses of making such recovery shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer, on account of any future installments of compensation."

The wrongful death statute (Sec. 3262 et seq., R. S. 1929) created in the dependents of the one killed a *new* cause of action, and was not a provision for the *survival* of any action the party injured may have had. [Cummins v. Kansas City Public Serv. Co., supra, (334 Mo. 672, 66 S. W. (2d) l. c. 923).] However, Section 3309 of the Compensation Act did not create in the employer a *new* cause of action for the wrongful death of the employee, but merely subrogates to the employer, the rights, if any, which the dependents of the employee have against the third party under the wrongful death statute. [Superior Minerals Company v. Mo. Pac. Railroad Co.,

227 Mo. App. 1044, 45 S. W. (2d) 912, l. c. 915; Fidelity & Casualty Co. v. St. Paul Gas Light Co. (Minn.), 188 N. W. 265.]

In the Superior Mineral Company case we find this language, which is plain and to the point: "Now in construing Section 3309, Revised Statute 1929, we are bound to search for, and to give effect to, the true legislative intent expressed therein to the extent that the language used legitimately reveals it; and it is to be presumed that the entire section was designed to have a purpose and an effect, and that no absurd or vain use of words was employed. The section plainly says that, where a third person is liable to the dependents for the death, the employer shall be subrogated to the right of the dependents against such third person, and may recover any amount which the dependents would have been entitled to recover. Whatever liability the third person might have to the dependents would obviously be under our wrongful death statute, and under it alone. . . . In other words, our Compensation Act neither creates a new cause of action for wrongful death apart from or independent of, that provided by the original death statute, nor does it enlarge upon the identity of the beneficiaries who are designed therein, save only as it contemplates the subrogation of the employer in those particular instances where the dependents are such as to have a cause of action under the original statute. Thus the only effect which the enactment of our Compensation Act has had upon the terms of, and the procedure to be followed under, the wrongful death statute, is that it has provided for the employer's right of subrogation in that limited class of death cases where the employer is liable for compensation, and there is a third party liability which is subject to enforcement under the provisions of the latter statute."

In the Minnesota case (Fidelity & Casualty Co. v. St. Paul Gas Light Co., supra), it was specifically held (headnote 1, 188 N. W. 265) that "the time within which an employer, who has paid the compensation provided for by the Workmen's Compensation Act for the death of his employee, whose death is caused by the wrongful act of a third person, by which payment the employer becomes subrogated to the rights of the dependents of the deceased employee, may commence an action against such third person is that prescribed by Gen. St. 1913, Sec. 8175." (The wrongful death statute of Minnesota.)

In support of the contention of the employer that the five-year Statute of Limitations is applicable to its situation, the case of Star Brewing Co. v. Cleveland, C., C. & St. Louis Ry. Co. (C. C. A. 7th), 275 Fed. 330, is cited. That case holds that, under the Illinois Workmen's Compensation Act, the cause of action given an employer against a third person for the wrongful death of an employee, is a *new* cause of action created by the Compensation Act, independent

of the wrongful death statute, and that an action by the employer against a third party for the alleged wrongful death of an employee is not governed by the limitation prescribed by the Illinois wrongful death statute, but is governed by the Illinois five-year Statute of Limitations. In Fidelity & Casualty Co. v. St. Paul Gas Light Co., supra, the Supreme Court of Minnesota pointed out the difference between the pertinent Minnesota Workmen's Compensation Law and the Compensation Law of Illinois, and did not follow the ruling in the Star Brewing Company case. And without detail, we think it is sufficient to say that our Workmen's Compensation Law on the point is different from that of Illinois. We might further say that there was a dissenting opinion in the Star Brewing Company case, which we think has by far the better of the argument.

Without further discussion, we rule that any cause of action that any one had for the alleged wrongful death of Henry C. Goldschmidt *accrued* upon his death, and that the time within which suit could be brought for his death is governed by our wrongful death statute.

The order sustaining the demurrer and the judgment dismissing the cause should be affirmed, and it is so ordered. *Ferguson* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by Bradley, C., is adopted as the opinion of the court. All the judges concur.