PEARL FAIR, Natural Guardian of ELWOOD FAIR, PETE FAIR, MARTHA JANE FAIR, DIXIE FAY FAIR and ALPHA LEE FAIR, Appellant, v. MAY AGUR.—133 S. W. (2d) 402.

Division Two, November 22, 1939.

*Prettyman & Prettyman* for appellant.

*Ray Bond* for respondent.

BOHLING, C.—This is an action seeking the recovery of $10,000 damages for the allegedly wrongful death of Harvey D. Fair, who

departed this life November 1, 1934. Eleven months thereafter and on October 9, 1935, Pearl Fair, the duly appointed, qualified and acting administratrix of the estate of Harvey D. Fair, deceased, instituted the action against May Agur. Thereafter and on January 22, 1936, more than a year and two months after the death of deceased, Pearl Fair filed a motion alleging that she was the widow of said Harvey D. Fair and the mother and natural guardian of Elwood Fair, Pete Fair, Martha J. Fair, Dixie F. Fair and Alpha L. Fair, minor children of said Harvey D. Fair, deceased, and prayed leave to amend said petition and continue said action as said natural guardian of said minor children; and, on said date, filed an amended petition as such natural guardian aforesaid. Thereafter, defendant filed a motion to strike said amended petition from the files; which motion was, by the court, sustained. Thereupon, plaintiff refused to further plead and a judgment was entered dismissing plaintiff's cause of action and in favor of defendant for costs.

An issue with respect to the right to make an amendment differs from an issue involving the legal sufficiency of the amendment when made. The litigants present no procedural issue here. Plaintiff's ultimate position is that she is entitled to proceed with the trial on the merits under the amended petition in any event and we so treat this review. The issue may be said to involve the substitution of a proper party plaintiff after the expiration of the limitation period in an action under the wrongful death statute originally instituted by a plaintiff in whom no cause of action existed.

Sections 3262 and 3266, Revised Statutes 1929, Mo. Stat. Ann., pp. 3353 and 3385 (considered in connection with Secs. 3263 and 3264, Ibid., pp. 3371 and 3377), state by whom and when suits for wrongful death may be instituted. Sufficient for our discussion, Section 3262 provides that recovery may be had: "First, by the husband or wife of the deceased; or, second, if there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased . . . ; or, third, if such deceased be a minor and unmarried, . . . then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment . . . ; or fourth, if there be no husband or wife, minor child or minor children . . . , then in such case suit may be instituted and recovery had by the administrator or executor of the deceased and the amount recovered shall be distributed according to the laws of descent . . . ;" and Section 3266 provides: "Every action instituted by virtue of the preceding sections of this article shall be commenced within one year after the cause of action shall accrue. . . ."

Goldschmidt v. Pevely Dairy Co., 341 Mo. 982, 986[1-3], 111 S. W. (2d) 1[1-6], was an action for the death of Henry C. Goldschmidt, who was killed April 8, 1934. On October 18, 1934, more than six

months after the death, the widow, as sole plaintiff, instituted suit. June 17, 1935, more than a year after the death, the widow, minor children, employer and insurer joined as parties plaintiff in an amended petition. Demurrer thereto was sustained, as was a demurrer to a second amended petition by the same plaintiffs. In sustaining the action of the trial court, BRADLEY, C., said: ''The widow did not sue within six months, therefore, when the first petition was filed by her alone, there was no cause of action in her to state.'' And speaking to the contention that the amended petition related back to the filing of the original petition: ''There would be merit in the relating back contention if there had been a cause of action vested in the widow when she, as sole plaintiff, filed the original petition, but, when the original petition was filed, there was no cause of action in the widow, hence there was nothing to relate back to. . . . To rule in accordance with the relating back theory, under the facts as appear here, would be to nullify Section 3262 et seq., as to what parties may sue under the wrongful death statute and *when* they must sue, if at all. We are constrained to rule that the second amended petition, under any theory, stated no cause of action in the widow and minor children.''

In Meservey v. Pratt-T. Const. Co., 291 S. W. 174, the Kansas City Court of Appeals reached a like result under legally similar facts on a motion to strike an amended petition in a wrongful death case.

In Cytron v. St. Louis Transit Co. (Banc), 205 Mo. 692, 697 (I), 104 S. W. 109, 110 (1), an amended petition, joining the mother as a party plaintiff, was filed after the lapse of a year in an action timely instituted by the father for the death of an infant son. The court held that the petitions stated identical causes of action, having the same measure of damages and requiring the same *quantum* and quality of evidence; that the amendment did not substantially change the claim or defense and, in effect, related back to the filing of the original petition.

It has been said it is difficult to distinguish the rulings with respect to the substitution of parties plaintiff after the running of the statutory period of limitations. For the purposes of the instant case, without attempting to state a general rule, our rulings are to the effect that when the original plaintiff is a stranger to the cause of action and has no interest therein the filing of an amended petition joining parties having an interest after the lapse of the period of limitation does not relate back to the filing of the original petition or toll the statute; whereas, if the original plaintiff has an interest in and states a cause of action, the rule is otherwise when a necessary party to the cause of action is joined by amendment—if the right of all is not barred, none is. Russell v. Nelson, 317 Mo. 148, 156, 295 S. W. 118, 122 [7, 8], and Gresham v. Talbott, 326 Mo. 517,

31 S. W. (2d) 766, are illustrative cases. Each involved a will contest, an action *in rem*, and reached different results on the facts but recognized the rule applied in the other. The Russell case distinguishes a number of cases stressed by plaintiff here. The Gresham case cited and relied upon the Cytron case, supra, as authority.

Under our wrongful death statute there existed but one indivisible cause of action for the death of Harvey D. Fair. [See, also, Cummins v. Kansas City Pub. Serv. Co., 334 Mo. 672, 693 "First," 66 S. W. (2d) 920, 930 "First," reviewing cases.] The cause of action accrued at the time of his death to his wife and after the lapse of six months passed to his minor children. The original petition filed by the administratrix contained no allegation that deceased left anyone surviving who was capable of inheriting. It failed to state a cause of action in the administratrix (Martin v. Southwestern Bell Tel. Co., 344 Mo. 83, 125 S. W. (2d) 19) or disclose that a cause of action possibly existed in any person. The amended petition disclosed that a cause of action never had existed in the administratrix, and the time for instituting a cause of action had lapsed at the time of its filing.

Under the authorities, the judgment was for the right party. It is affirmed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.