Cora A. SLATER, Plaintiff-Appellant,*

v.

KANSAS CITY TERMINAL RAILWAY COMPANY, a Corporation, and Missouri-Kansas-Texas Railroad Company, a Corporation, Defendants-Respondents.

No. 43954.

Supreme Court of Missouri.

Division No. 1.

Sept. 13, 1954.

Motion for Rehearing or to Transfer to Court en Banc Denied Oct. 11, 1954.

Donald L. Randolph, Kansas City, for appellant.

Horace F. Blackwell, Jr., James F. Walsh, Kansas City, for respondent, Kansas City Terminal Ry. Co.

Carl S. Hoffman, St. Louis, Frank J. Rogers, Kansas City, for respondent, Missouri-Kansas-Texas R. Co.

VAN OSDOL, Commissioner.

This is an appeal by plaintiff from a judgment of dismissal of plaintiff's petition in which petition, filed October 20, 1952, plaintiff stated a claim as the widow for the wrongful death of her husband and sought the recovery of $15,000 damages. The trial court sustained defendants' motion to dismiss the amended petition on the stated grounds that the action was not instituted within one year after the claim accrued, and that the amended petition failed to state a claim upon which relief could be granted. Plaintiff had instituted the action by filing an original petition in

---

* Motion of W. C. Reynolds, Administrator of Estate of Cora A. Slater, to be substituted as party plaintiff sustained on Oct. 11, 1954.

which she asserted a claim as the administratrix of her deceased husband's estate.

Herein upon appeal the question is—did the amended petition substituting the widow as plaintiff relate back to the time of the filing of the original petition so as to avoid the incidence of limitation of action, Section 537.100 RSMo 1949, V.A.M.S.

Plaintiff, as stated, brought her action by filing the original petition as "Administratrix of Elmer F. Slater, deceased." The petition was filed January 10, 1950, within six months after the death of decedent, plaintiff's husband, which occurred November 4, 1949. In the original petition, plaintiff alleged that she was the personal representative of her deceased husband within the meaning of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.; "that at the time of his death, the said Elmer F. Slater left surviving him a widow, plaintiff and administratrix herein, and no minor children; the said Elmer F. Slater left surviving him no descendants of a deceased child; that in and during his lifetime, the said Elmer F. Slater was the sole support and maintenance of plaintiff * * *." The original petition continued by stating that defendants were operating their facilities in interstate commerce; that the death of the husband directly resulted from the negligence of defendant Missouri-Kansas-Texas Railroad Company, a common carrier by rail in interstate commerce and a lessee of the tracks of defendant Kansas City Terminal Railway Company; that the lessor (defendant Kansas City Terminal Railway Company) became and remained liable under Missouri Statute, Section 388.-310 RSMo 1949, V.A.M.S., for the acts of its lessee. It was stated that Elmer F. Slater was an employee of St. Louis-San Francisco Railway Company, a common carrier by railroad in interstate commerce; that Elmer F. Slater was engaged in an interstate switching movement for his employer in the yards of defendant Kansas City Terminal Railway Company when the defendant Missouri-Kansas-Texas Railroad Company negligently ran its engine and train so as to strike Elmer F. Slater; and that as a direct result of such negligence

Elmer F. Slater was fatally injured. Primary and humanitarian rule negligence was specifically alleged, and the prayer for relief was for $15,000 damages.

When she filed her original petition, plaintiff, as administratrix, could not maintain an action upon the claim or cause of action under the Missouri wrongful death statutes. Nor could she state a claim under the Federal Employers' Liability Act against these defendants-respondents, railroads engaged in interstate carriage, Graham v. Thompson, 357 Mo. 1133, 212 S.W. 2d 770. Her husband was not their employee. As a widow, plaintiff, when she filed her original petition, January 10, 1950, had vested in her and she could have stated a claim for wrongful death of her husband under our wrongful death statute. As the widow, she could have instituted her action within six months (or if as alleged there were no minor children, then within a year) after the husband's death. In passing, we remind ourselves that the Missouri wrongful death statutes provide for but one cause of action which accrues and passes in accordance with the statute, Sections 537.070, 537.090 RSMo 1949, V.A.M.S. Cummins v. Kansas City Public Service Co., 334 Mo. 672, 66 S.W.2d 920.

It is apparent that plaintiff misconceived the nature of her claim in seeking relief thereon under the Federal Employers' Liability Act. But if all of the allegations in the original petition pertaining to the interstate character of defendants' operations as common carriers by railroad and references to the Federal Employers' Liability Act were stricken, Sullivan v. St. Louis-San Francisco R. Co., 321 Mo. 697, 12 S. W.2d 735, or deleted or ignored as surplusage, yet plaintiff in her original petition, stated that she was the widow of decedent whose death directly resulted from defendants' negligence as specifically alleged—and she stated facts sufficient in substance to enable her as a widow to maintain an action on the claim for wrongful death of her husband at the time she filed her original petition as administratrix, January 10, 1950.

Even though plaintiff misconceived the nature of her claim when she instituted her action by filing her original petition as administratrix, nevertheless she was attempting to state a claim for the benefit of herself, individually, as a widow, although under the Federal Employers' Liability Act, 45 U.S.C.A. § 59. And we think we see that in both petitions (the original, filed by plaintiff as administratrix, and the amended, filed by plaintiff as widow) plaintiff in intendment was stating a claim in her own personal behalf as a widow, the real party in interest. In the amended petition, filed as stated October 20, 1952, the negligence of defendants was stated by allegations identical with the allegations of negligence in the original petition, and in the same alleged circumstances. In the amended petition plaintiff as widow was substituted for plaintiff as administratrix. The substitution by amendment was a mere change in the capacity in which plaintiff sued. Before and after the amendment plaintiff, personally, was the person really interested. In this situation, we say the amendment, the change in the capacity in which plaintiff sued, was but a formal one, and in the interest of justice it should be said that the amendment of the petition was not the commencement of a new action and was not barred by limitation. It should be held there was a continuation of the action on the same claim as encompassed within the factual averments of the original petition, and the amendment should be held to have related back to the time of the filing of the original petition.

In Missouri, Kansas and Texas Railroad Company v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355, a plaintiff, the sole surviving parent and heir of a decedent who had been defendant's employee in interstate commerce, filed a petition in her individual capacity. After the lapse of the period of limitation of actions as then provided by Section 6 of the Federal Employers' Liability Act (see now 45 U.S.C.A. § 56, as amended in 1939), plaintiff filed an amended petition in which she sued in her individual capacity and *as the personal representative* of her decedent. See again 45 U.S.C.A. § 59. This was not the equivalent of commencing a new action so as to render it barred by limitation. Although plaintiff had originally asserted a right of action under the law of Kansas, there was no substantial difference between the original and amended petitions. Both petitions contained the averment that decedent was employed by defendant in interstate commerce. The amendment was a change in form rather than in substance. It introduced no new or different cause of action, nor did it set up any different state of facts as the ground of action, and therefore it related back to the beginning of the action. In Drakopulos v. Biddle, 288 Mo. 424, 231 S.W. 924, the administrator had brought action under a statute of Kansas which gave the administrator the right to maintain the action. By amendment the widow was substituted as plaintiff under another statute of Kansas. In both petitions recovery was sought in behalf of the widow and children. The widow substituted as plaintiff by amendment was not a stranger to the original action brought by the administrator. This court said the subject of the action was the right of plaintiff's decedent to immunity from injury by the negligent acts of defendants. The cause of action was the violation of that right by defendants. The object of the action was to recover damages for such violation to inure to the exclusive benefit of the widow and children. Whether the action was brought by the administrator or by the widow was a mere detail of procedure. The only concern of defendants as to parties plaintiff was that whosoever prosecuted the action should be competent to maintain it in such a way as to bar any other action for the same injury. Now see other cases collated in the Annotation, 8 A.L.R.2d 6, at pages 76–85, including Pyle v. University City, Mo.App., 279 S.W. 217.

In Webster v. Joplin Water Works Co., 352 Mo. 327, 177 S.W.2d 447, 453, a case cited by defendants-respondents, plaintiffs had no cause of action, and it was held the trial court properly refused to allow the substitution of another in whom the cause

of action, if any, existed. In that case, however, this court [with regard to the substitution of a party plaintiff (and with regard as to adding parties plaintiff) and the relation back of the substitution to defeat the bar of limitations] drew a conclusion from the Missouri cases which conclusion, generally and broadly stated, is that the real party in interest may be substituted where the pleading discloses that the action in fact was being prosecuted in the interest of the substituted plaintiff, "but such real party in interest may not be substituted as plaintiff to avoid limitations where the pleading shows that the original plaintiff was a stranger to and could have no interest in the cause of action and fails to show that the action was being prosecuted in the interest of said real party in interest." In our case we have observed that plaintiff in her original petition as administratrix was seeking to recover damages in behalf of herself, the widow. Keeping the language of the Webster case in mind we shall examine Goldschmidt v. Pevely Dairy Co., 341 Mo. 982, 111 S.W. 2d 1; Fair v. Agur, 345 Mo. 394, 133 S. W.2d 402; and Meservey v. Pratt-Thompson Construction Co., Mo.App., 291 S.W. 174, also cited by defendants-respondents.

In the Goldschmidt case, the widow instituted the action for wrongful death as the sole plaintiff more than six months after the death of her husband. At the time only the minor children (not the widow) were entitled to maintain the action. The amended petition, adding the minor children (and others) as parties plaintiff was filed more than a year after decedent's death. There being no cause of action in the widow when the original petition was filed there was nothing to relate back to. In our case, a cause of action for the wrongful death of plaintiff's husband was vested in plaintiff as the widow when she filed the original petition as administratrix which original petition sought recovery for the benefit of the widow, plaintiff in the amended petition. The Meservey case was, in effect, similar as to the controlling facts. In the Fair case, the administrator filed the original petition eleven months after

the wrongful death. The petition contained no allegation that deceased left anyone surviving who was capable of inheriting. The administrator was a stranger to the cause of action. The amended petition substituting the minor children as plaintiffs was a new action barred by limitation, the amended petition having been filed more than a year after the death. In these cases, apparently there was no intendment disclosed by the plaintiffs' pleadings that the respective actions were in the interests of those in whom the respective claims were vested. We hold plaintiff's action is not barred by limitation.

The judgment should be reversed and the cause remanded. It is so ordered.

LOZIER and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.