STATE ex rel. the JEWISH HOSPITAL OF ST. LOUIS, a corporation, Relator,

v.

Honorable William E. BUDER, Judge of the Twenty-Second Judicial Circuit, Respondent.

No. 37541.

Missouri Court of Appeals, St. Louis District, Division Three.

July 6, 1976.

1. We find *State v. Eye,* 492 S.W.2d 166 (Mo.App.1973) equally distinguishable.

Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, Parks G. Carpenter, Robert S. Rosenthal, J. C. Jaeckel, St. Louis, for relator.

Bernard J. Cuddihee, St. Louis, for respondent.

SIMEONE, Presiding Judge.

This is an original proceeding in mandamus in which the relator, Jewish Hospital of St. Louis, a corporation, seeks to compel

the respondent, Judge,[1] to sustain its motion to dismiss a petition filed in a wrongful death action. The petition was filed by Sara Peters, administratrix of the estate of Ida Peters, deceased, against Jewish Hospital, claiming damages for the wrongful death of Sara's mother. Sara is the adult daughter of Mrs. Ida Peters. We have jurisdiction. Art. V, § 4, Mo.Const. For reasons hereinafter stated, we make our alternative writ, heretofore issued, absolute.

The issue which we must resolve is whether an amended petition seeking damages for wrongful death, filed after the expiration of the two-year statute of limitations by a proper party, relates back to an original petition filed prior to the expiration of the statute of limitations, in the name of a party who had no standing to sue.

Or, stated somewhat differently, if a petition for damages is filed in the name of the adult child for the wrongful death of her mother within two years of death, does an amended petition, substituting the administratrix for the adult child, relate back to the original petition filed within two years so that the action is not barred by the statute of limitations?

The facts are not particularly complicated, but the legal issues are not easily resolved. They involve the underlying policies of the wrongful death statute, the capacity of individuals to maintain an action for wrongful death, the construction of the wrongful death statute, the doctrine of "relation back" in pleading and other matters.

On February 24, 1973, Mrs. Ida Peters, mother of adult children Sara and Gus Peters, was admitted to the emergency room of Jewish Hospital and there died. On February 21, 1975, almost two years later, Sara Peters, in her capacity as an adult child, filed her pro se petition against the hospital and a physician alleging that she "is the surviving natural legitimate child and heir at law of Ida Peters, deceased. . . ."

She alleged that her mother was referred to the hospital for emergency treatment, alleged certain acts of negligence on the part of the hospital and its personnel, and requested damages "for the manner in which her mother was treated." To this first petition, relator, Jewish Hospital, filed a motion to dismiss alleging that the petition "contains no allegations sufficient to establish her capacity to sue," fails to state specifically that the action is one for wrongful death, and that the petition is barred by the statute of limitations. At the time of a hearing on the motion, plaintiff did not have counsel and was given thirty days to file an amended petition.

Then, on July 24, 1975, over two years after the death of Mrs. Ida Peters, a "first amended petition" was filed. That petition, unlike the first one, alleged that Sara Peters "is the duly appointed administratrix of the estate of Ida Peters, deceased, who died . . . on February 24, 1973."[2] The petition alleged facts similar to the first one and alleged the acts of negligence in greater detail, and prayed damages because Sara and her brother "have been deprived of her support, comfort, society, counsel, and services . . . ." To this "first amended petition" relator again filed a motion to dismiss, identical in all respects to the first one, except that it referred to the first amended petition. The motion was heard and argued, and the petition was dismissed without prejudice. Plaintiff, Sara Peters, was given another thirty days to file an amended petition.

On September 15, 1975, more than two years after the death of Ida, a second amended petition, entitled "Petition," was filed alleging that Sara was the duly appointed administratrix of the estate of Ida Peters and that Mrs. Ida Peters died leaving no husband or minor children and that her heirs at law are Sara and Gus Peters. Other allegations were substantially the same as in the first amended petition.

---

1. The alternative writ was issued against Honorable William E. Buder. After Judge Buder's retirement, Judge James L. Sanders was substituted as respondent.

2. The reply to the return indicates that Sara was appointed administratrix in July, 1975.

Damages in the amount of $40,000 were prayed. Again, relator filed its motion to dismiss alleging, inter alia, that (1) the petition, "as all previous pleadings, contains a contention that one Ida Peters died on February 24, 1973, allegedly as the result of acts or omissions on that same date by, or chargeable to, defendant hospital," (2) "[t]he original petition was filed on February 21, 1975 by a surviving adult child and alleged heir of decedent, who was not an authorized party to sue for alleged wrongful death, and defendant hospital filed a motion to dismiss . . . .", (3) on July 24, 1975, a first amended petition was filed "not by the original plaintiff, but by an administratrix of the estate of the deceased," (4) "[t]he fact remains that the first pleading filed on behalf of the administratrix, a party who might have standing to press a claim for wrongful death of decedent under such circumstances, was filed on or about July 24, 1975, two years and five months after the death of decedent . . . ." and (5) under § 538.100 [537.-100?] "all such claims as here attempted to be pleaded are barred unless filed within two years . . . ." The motion was argued, and respondent indicated he would overrule the motion unless Jewish Hospital obtained a writ from an appellate court.

Relator filed its petition for a writ of mandamus, and we issued our alternative writ. Pleadings were filed. The return addressed itself to the issues to be resolved: "(a) did the petition filed . . . on February 21, 1975, by Sara Peters, pro se, state a cause of action under the Wrongful Death Statute . . ., and (b) if [it] did . . ., was the suit brought and can it be maintained by the proper party plaintiff."

The return alleged that the law in Missouri is well settled in this regard.[3]

Relator in its reply insists that the original petition was defective in two critical respects: (a) it failed to state a cause of action for wrongful death because the petition failed unequivocally to allege that the death resulted from the acts of the defendant-relator, and (b) it was brought by a party not entitled to sue; hence, the statute of limitations was not tolled by the filing of the original petition.

In its brief in this proceeding, Jewish Hospital makes similar points. It contends that the writ should be made absolute because (1) the action was commenced by Sara in her individual capacity as the surviving adult daughter of Ida Peters and as such she was not a member of any class mentioned in § 537.080 qualified to maintain in action for wrongful death, hence the filing of the original petition did not toll the two-year statute of limitations, and the amended petitions filed as administratrix after the statute had run constituted a new cause of action and did not relate back to the original petition; and (2) the "second amended petition" does not state a claim for wrongful death because it "does not contain any specific averment directly and proximately attributing the death of Ida Peters to any of the alleged charges . . . ."

In its brief respondent contends that the original petition did contain sufficient allegations to state a claim and that the amended petitions did not state "new causes of action," so that the amended petitions related back to the original petition filed within the two years. Respondent insists that the substitution of Sara as administratrix of the estate for Sara in her individual capacity was a proper and valid substitution so that the action is not barred by the statute of limitations.

---

**3.** The return alleged that "where an action for wrongful death is instituted within the time period of the statute of limitations by someone who has no legal right to maintain the suit in the capacity in which the suit is filed but who has a beneficial interest in the subject matter of the action, which interest is alleged by the plaintiff in the original petition, the substitution by amendment of the plaintiff sueing [sic] in the proper capacity after the lapse of the statute of limitations will relate back to the time of the filing of the original action and the intervening running of the statute of limitations will not bar the maintenance of the suit by the substituted plaintiff."

There are certain basic principles relating to actions for wrongful death[4] which aid in the resolution of the issues presented in this proceeding: (1) it is generally recognized in Missouri that no cause of action for wrongful death existed at common law. *Baker v. Bolton,* 1 Camp. 493, 170 Eng.Rep. 1033 (1808); *Cummins v. Kansas City Public Service Co.,* 334 Mo. 672, 66 S.W.2d 920, 924 (banc 1933); *State v. Daues,* 314 Mo. 13, 283 S.W. 51, 56, 45 A.L.R. 1466 (banc 1926); *Glick v. Ballentine Produce Incorporated,* 396 S.W.2d 609, 614 (Mo.1965); *Davis, Wrongful Death,* supra;[5] (2) the wrongful death act creates a new cause of action where none existed at common law and did not revive a cause of action theretofore belonging to the deceased. *State v. Daues,* supra, 283 S.W. at 56; *Nelms v. Bright,* 299 S.W.2d 483, 487 (Mo. banc 1957); (3) since no cause of action existed at common law and the wrongful death statute created one, the various provisions of the statute are deemed to be substantive law and must be strictly construed. *Cummins v. Kansas City Public Service Co.,* supra, 66 S.W.2d at 925; (4) under the wrongful death statute,

> " 'A party suing . . . must bring himself in his pleading and proof strictly within the statutory requirements necessary to confer the right. Otherwise his petition states no cause of action . . . . Only such persons can recover (and in such time and in such manner) as the letter of the law prescribes. . . .' " *Wessels v. Gipfel,* 522 S.W.2d 653, 654 (Mo.App.1975), quoting from *Chandler v. Chicago & A. R. Co.,* 251 Mo. 592,

158 S.W. 35, 37 (1913); *Klein v. Abramson,* 513 S.W.2d 714, 716 (Mo.App.1974); *Harris v. Goggins,* 363 S.W.2d 717, 724 (Mo.App.1962), appeal trfd. 374 S.W.2d 6 (Mo. banc 1963);

(5) the well established principle is that where a cause of action is created by legislative enactment, where none theretofore existed, such right may be conditioned as the legislative body sees fit. *Klein v. Abramson,* supra, 513 S.W.2d at 717. When the statute gives the right of action, provides a remedy and imposes conditions as to the exercise of that remedy, the conditions thus imposed qualify any right of recovery and form a part of the right itself. *State ex rel. Slibowski v. Kimberlin,* 504 S.W.2d 237, 240 (Mo.App.1973); (6) although the death statute may imply otherwise, it is clear that an adult child who suffers a pecuniary loss as the result of the death of a parent, may recover damages therefor. *Domijan v. Harp,* 340 S.W.2d 728 (Mo.1960); and (7) an action for wrongful death, except for certain circumstances, must be brought within two years from the date of death. § 537.100.[6]

The governing statute is § 537.080, as amended in 1967.[7] The statute provides that an action for wrongful death may be sued for and recovered (1) by the spouse or minor children of the deceased, or (2) if there be no spouse or minor children or if the spouse or minor children fail to sue within one year after such death, or if the deceased be a minor and unmarried, then by the father and mother, or (3) if there be no husband, wife or minor children, "then in such case suit may be instituted and recov-

---

**4.** For general discussions, see Comment, The Missouri Wrongful Death Statute, 1963 Wash. U.L.Q. 125; Davis, Wrongful Death, 1973 Wash.U.L.Q. 327; Waters, State Legislative Developments, 23 J. of Mo.Bar, 452 (1967).

**5.** See the excellent historical analysis suggesting otherwise by Bardgett, J., dissenting in *State ex rel. Kansas City Stock Yards Company of Maine v. Clark,* 536 S.W.2d 142 (Mo. banc, 1976).

**6.** For other general principles, see *State ex rel. Kansas City Stock Yards Company of Maine v. Clark,* supra, 536 S.W.2d 142.

**7.** Prior to the amendment of the death statute in 1967, Laws 1967, p. 663, sections 537.070, 537.080 and 537.090 provided that the damages for wrongful death could be sued for by the husband or wife within six months, and by the minor child or children, if the surviving spouse did not sue within six months, and if there be no husband or wife or minor child or children, then by the administrator or executor. See *Wessels v. Gipfel,* supra, 522 S.W.2d at 654.

ery had by the administrator or executor of the deceased and the amount recovered shall be distributed according to the laws of descent." § 537.080(3).

Here, Mrs. Ida Peters, the decedent, had no spouse and no minor children. The right of action therefore devolved upon the administratrix of her estate. At the time of filing the original petition in February, 1975, the only person legally recognized to sue was the administratrix of Mrs. Ida Peters' estate. It is clear that Sara Peters in her original petition attempted to allege a claim for the alleged wrongful death of her mother under § 537.080, but that original petition was not filed in the name of the administratrix but in her capacity as the adult daughter.

The question therefore is whether the proper legal party under the statute, the administratrix, may be substituted in the amended petition for the adult child who had a possible beneficial interest only by virtue of legislative enactment, but had no legal standing to sue for wrongful death. Although the individual person is the same in both petitions, the capacity of the person filing the petitions is legally separate.

Counsel for the parties do not cite, nor does our independent research disclose, any authority directly in point. We may, however, be guided by analogous decisions. In a number of Missouri decisions it has been held that, in a wrongful death action, an amendment to the original petition will relate back to the petition filed originally so that the action is not barred by the appropriate statute of limitations. *Cytron v. St. Louis Transit Co.*, 205 Mo. 692, 104 S.W. 109 (Mo. banc 1907),[8] and cases collected therein; *Slater v. Kansas City Terminal Railway Company*, 271 S.W.2d 581, 583 (Mo.1954);[9] and others.[10]

However, in a number of decisions in this state it has been held that where a wrongful death action is brought by one not authorized to maintain an action, the petition cannot be amended after the statute of limitations has run so as to relate back to the original petition, thus saving the claim from the operation of the statute.[11]

In *Goldschmidt v. Pevely Dairy Co.*, 341 Mo. 982, 111 S.W.2d 1 (1937), the widow, as sole plaintiff, instituted an action for wrongful death more than six months after death, contrary to the statute then in effect. More than a year after her husband's

8. In *Cytron v. St. Louis Transit Co.*, a father sued in his own name for the wrongful death of his son. After the statute of limitations had run, an amended petition was filed adding the mother as a party plaintiff. Our supreme court permitted the amendment and allowed the action to proceed because the amendment did not substantially change the claim. The action was, however, brought by a party authorized to maintain the action and within the period of time permitted by statute.

9. In *Slater v. Kansas City Terminal Railway Company,* the wife of a decedent first brought an action as personal representative of her husband and alleged that she was a personal representative within the meaning of the Federal Employers' Liability Act and also the widow of the decedent. Her suit was filed within six months of death as required by the wrongful death statute then in existence giving the widow an action within that time. After the statute of limitations had expired, she amended her petition to state her claim as the widow under the wrongful death act. The Supreme Court held the amendment proper and that the claim was not barred. "The substitution by amendment was a mere change in the capacity in

which plaintiff sued." 271 S.W.2d at 583. At the time the original petition was filed, the widow could have maintained the action in her own right. The court allowed the amendment because it was "but a formal one" and "plaintiff [merely] misconceived the nature of her claim . . . .."

10. See also *Missouri, K. & T. R. Co. v. Wulf,* 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355 (1912). Plaintiff as sole surviving parent and heir of decedent filed petition in her individual capacity; after the lapse of the period of limitations she filed an amended petition in which she sued in her individual capacity. The Supreme Court held that this was not the equivalent of commencing a new action so as to render the action barred by the statute of limitations. See also *Drakopulos v. Biddle,* 288 Mo. 424, 231 S.W. 924 (1921); *Pyle v. University City,* 279 S.W. 217 (Mo.App.1925). See cases collected in Annot., change in party after statute of limitations has run, 8 A.L.R.2d 6, 77–85 (1949).

11. See cases collected in Annot., supra, 8 A.L.R.2d at 85–90.

death, she filed an amended petition joining the minor children, an employer and an insurer. A demurrer to the amended petition was sustained by the trial court. In affirming the action of the trial court, our supreme court stated: "The widow did not sue within six months, therefore, when the first petition was filed by her alone, there was no cause of action in her to state." *Goldschmidt,* supra, 111 S.W.2d at 3. And, speaking to the contention that the amended petition related back to the original petition, the court said:

"There would be merit in the relating back contention if there had been a cause of action vested in the widow when she, as sole plaintiff, filed the original petition, but, when the original petition was filed, there was no cause of action in the widow, hence there was nothing to relate back to. There being no cause of action in the widow when the original petition was filed, such petition could not be amended by bringing in the minor children as parties plaintiff, who had no cause of action when the first amended petition was filed . . . ." *Goldschmidt,* supra, 111 S.W.2d at 3.[12]

In *Fair v. Agur,* 345 Mo. 394, 133 S.W.2d 402 (1939), the widow of the deceased husband filed suit as the duly appointed administratrix for wrongful death within one year of the death. More than a year after the death and after the appropriate statute of limitations had run, she filed an amended petition alleging that she was the widow and natural guardian of the children and prayed that the action be continued in the natural guardian of the minor children. The Supreme Court held that the amendment to the petition was properly stricken, since the original petition had not stated a cause of action in the administratrix. The court based its decision on the principle that when the original plaintiff has no interest in the cause of action, the filing of an amended petition joining parties who have an interest does not relate back to the filing of the original petition or toll the statute of limitations.[13]

Finally, in *Forehand v. Hall,* 355 S.W.2d 940 (Mo.1962), the Supreme Court held that an amendment did not relate back to the original petition so as to permit the action to continue. In that case, Arthur R. Cobb died leaving his wife and minor child. Under the statute then in effect, the widow was entitled to sue in her own name within six months. She did not do so. After six months and within a year, she instituted suit as administratrix of the estate. After a year had elapsed, she resigned as administratrix, and an amended petition was filed by an administrator, d. b. n. The court held that the action could not proceed and that the theory of relation back had no application to this case.[14]

---

12. In *Meservey v. Pratt-Thompson Const. Co.,* 291 S.W. 174 (Mo.App.1927), the court of appeals in Kansas City reached a like result under legally similar facts on a motion to strike an amended petition in a wrongful death action.

13. "It has been said it is difficult to distinguish the rulings with respect to the substitution of parties plaintiff after the running of the statutory period of limitations. . . . [O]ur rulings are to the effect that when the original plaintiff is a stranger to the cause of action and has no interest therein the filing of an amended petition joining parties having an interest after the lapse of the period of the limitation does not relate back to the filing of the original petition or toll the statute; whereas, if the original plaintiff has an interest in and states a cause of action, the rule is otherwise when a necessary party to the cause of action is joined by amendment—if the right of all is not barred, none is." *Fair v. Agur,* supra, 133 S.W.2d at

403. See also *Webster v. Joplin Water Works Co.,* 352 Mo. 327, 177 S.W.2d 447, 453 (1944).

14. The court used the following language: "The rule in this state is that where a suit for wrongful death is instituted within the . . . period of limitation by one who has no legal right to maintain the suit in the capacity in which suit is filed but who has a beneficial interest in the subject matter of the action, which interest plaintiff alleges by intendment, *Slater v. Kansas City Terminal Ry. Co.,* supra, 271 S.W.2d, l. c. 583, or is filed by some, but not all, of the persons entitled to bring such action [citing cases], the substitution by amendment of the plaintiff suing in the proper capacity, or the joinder of the necessary additional parties plaintiff, after the lapse of the . . . period [of limitations], will relate back to the time of filing the original action . .; but where the original action is improperly filed by a stranger to the action who has no

■ From an examination and analysis of the authorities it may be said that in those decisions where an amendment related back to the original petition so as to save the action from the operation of the statute of limitations, the original plaintiff who instituted the action for wrongful death had at the time a legal right to sue therefor, stated a cause of action and was in fact a properly authorized party to maintain suit. But in all the decisions which did not allow an amendment to relate back to the original petition, thus saving the action from the operation of the statute of limitations, the original plaintiff had no right or authority to maintain the action in the first instance and did not bring himself within the strict language of the wrongful death statute as one who had the right and authority to sue. The principle which we deduce from the various decisions may fairly be said to be that where the original plaintiff has, under the wrongful death statute, a right to institute an action or is a proper and legally authorized party under the strict provisions of the statute to do so, an amendment substituting a proper party or adding additional parties will relate back to the original petition; but where the original party plaintiff has no right to maintain an action, has no standing to sue under the statute and is not a party authorized to sue under the strict wording of the statute, an amendment which adds or substitutes a proper party does not relate back to the original petition so as to save the action from the running of the statute of limitations. That is the situation here. At the time of filing the original petition in February, 1975, Sara Peters, as the adult child of the deceased, was not a person authorized or designated by § 537.080 to sue, nor did she have a right to maintain an action for wrongful death under the statute; only the administratrix had such a right, and only the administratrix was authorized to sue under the statute. There being no right in

the adult child to maintain suit, an amendment substituting the proper party could not relate back to the original petition because "there was nothing to relate back to." Paraphrasing the language of *Goldschmidt v. Pevely Dairy Co.,* supra, 111 S.W.2d at 3:

"There would be merit in the relating back contention if there had been a cause of action vested in [Sara Peters, the adult child] when she, as sole plaintiff, filed her original petition, but, when the original petition was filed, there was no cause of action in the [adult child], hence there was nothing to relate back to. . . ."

The original petition filed by the adult child in her capacity as such did not and could not state a cause of action under the language and authorization of § 537.080. An adult child has no right or standing, under the circumstances here, to maintain suit under the wording of the statute, and an amendment substituting an authorized and designated party cannot therefore relate back to the original petition. The breath of life cannot, by judicial hands, be instilled into a petition devoid of life.

■ Under the circumstances here, we hold, therefore, that the amended petition filed by Sara in her capacity as administratrix, after the statute of limitations had expired, did not relate back to the original petition filed by her in her capacity as the adult child of Mrs. Ida Peters; hence, her claim is barred. As stated in *Wessels v. Gipfel,* supra, 522 S.W.2d at 654:

" 'A party suing . . . must bring himself in his pleading and proof strictly within the statutory requirements necessary to confer the right. Otherwise his petition states no cause of action . . . . . Only such persons can recover (and in such time and in such manner) as the letter of the law prescribes. . . .' "

This conclusion is, we believe, supported by the analogies of *Forehand v. Hall,*

legal or beneficial interest in its subject matter, the substitution of a proper party plaintiff after the statute of limitations has run will not relate back, but will be treated as a new action, which is barred by the statute of limitations. *Fair v.*

*Agur; Goldschmidt v. Pevely Dairy Co.; Meservey v. Pratt-Thompson Const. Co.[,]* supra. . . ." *Forehand v. Hall,* supra, 355 S.W.2d at 945.

*Goldschmidt v. Pevely Dairy Co., Meservey v. Pratt-Thompson Const. Co., Fair v. Agur,*[15] and supported by the general principles relating to death actions discussed above.

The only decision which in some measure could support the contention of Sara is *Slater v. Kansas City Terminal Railway Company,* supra. The language of the court indicates that where a wrongful death action is instituted within the period of limitations by one who has no legal right to maintain the suit in the capacity in which the suit is filed but who has a beneficial interest in the subject matter of the action, the substitution by amendment of the plaintiff suing in the proper capacity after the lapse of the period of limitations will relate back to the time of filing the original action.[16] But that language related to the context of the facts in that decision. In *Slater,* the plaintiff could have maintained the action in her own right as widow. *Slater* does not control the situation here. While it is true that Sara may have had a beneficial interest as an heir in the amount of recovery under the wrongful death action when she filed her petition in her capacity as an adult child, she had no legal standing or right under the strict wording of the statute to maintain an action other than in her capacity as administratrix. Here there was no mere change in capacity, as in *Slater;* Sara was totally without capacity to maintain an action at the time she instituted her action; she was in legal effect a stranger to the action. *Fair v. Agur,* supra.

The wrongful death statute, § 537.-080, is clear and unambiguous in this regard.[17] Where there is no spouse or minor child or children, the action must be brought within two years of the death by the administrator or executor. The statute creating the right of action for wrongful death admits of no exceptions in this regard.

However sympathetic we are to Sara Peters, the remedy for wrongful death is a creature of statute and must be technically and strictly construed, and our conclusion is in the long run beneficial to the public.

The recent decision of this court, *Hawkins v. Hawkins,* 533 S.W.2d 634 (Mo.App. 1976), does not aid the respondent. Although Rule 55.33(c) was amended to allow the doctrine of "relation back" as embodied in Rule 15(c) of the Federal Rules of Civil Procedure, the new rule does not authorize an amendment which states an entirely new claim. Here a new claim was filed by the administratrix, hence did not relate back to an attempted claim filed by the adult child who had no right under the wrongful death statute to do so.

Since we hold that the amendment of the petition on July 24, 1975, filed more than two years after the death of Mrs. Peters, did not relate back to the date of the original petition filed within the two-year period, it is not necessary to discuss the contested issue of whether the amended petitions alleged a claim for relief.

Mandamus is a proper remedy. *State v. Buder,* 428 S.W.2d 935, 939 (Mo. App.1968); cf. *State ex rel. Sisters of St.*

**15.** See also *Nelms v. Bright,* supra, 299 S.W.2d at 491; and *Russell v. Nelson,* 317 Mo. 148, 295 S.W. 118, 122 (1927), where it was held that if the original plaintiffs have no cause of action they cannot by amendment relate back to the beginning of the action so as to prevent the operation of the statute of limitations.

**16.** We read this language to mean that a plaintiff must have had a right, under the wrongful death statute, to sue and was the authorized party to maintain suit, and did sue within the time authorized by statute and hence had a beneficial interest in the outcome. That was the situation in *Slater,* supra, unlike the circumstances here, where Sara, as adult child, had no right or standing to maintain suit and did not and could not state a cause of action as an adult child at the time of filing the original petition.

**17.** The legislative intent is ascertained from the words used in the statute. Where the language is unambiguous and conveys a plain and definite meaning, the courts have no business to look for or to impose another meaning. *Pedroli v. Missouri Pacific Railroad,* 524 S.W.2d 882, 884 (Mo.App.1975)—a wrongful death action.

*Mary v. Campbell,* 511 S.W.2d 141, 148–149 (Mo.App.1974); *State ex rel. Kansas City Stock Yards Company of Maine v. Clark,* supra, 536 S.W.2d at 144.

We have read the entire record, the briefs of the parties and all the authorities relied upon and conclude that our alternative writ heretofore issued should be made absolute.

Writ absolute.

GUNN and RENDLEN, JJ., concur.